153 So. 727

## DANIEL v. MOTES.
### 7 Div. 243.

Supreme Court of Alabama.
March 8, 1934.

Rehearing Denied April 5, 1934.

Hugh Reed, of Centre, for appellant.

Irby A. Keener, of Centre, for appellee.
Brief did not reach the Reporter.

BOULDIN, Justice.

The action is for personal injuries.

The case went to the jury on a count for wanton injury.

One question presented on this appeal, the most vital one, is the refusal of the affirmative charge requested in writing by defendant.

The case arose from a collision between motor vehicles while passing each other on a public highway.

This highway, surfaced with chert, had a width suitable for travel of some 25 feet.

Evidence tends to show that the lanes of greatest travel by vehicles were marked by tracks or ruts, one set of tracks being to the right of the center of the road going each way.

Plaintiff's evidence tends to show he was driving his Ford touring car, keeping in the usual zone of travel on the right side, and some 2½ to 4 feet clear of the center; that defendant drove his Chevrolet truck down the center of the road, the left wheel being in the zone or track in which the left wheel of plaintiff's car was approaching; that defendant did not turn to the right, and so the cars came into collision.

The time was about dark; both cars had on the headlights. Defendant's evidence tends to show plaintiff's car had only one headlight.

Without dispute the front portion of the two cars cleared each other, the left wheel of the Ford came in contact with the rear of the truck, and the truck body with the body of the Ford in such way that plaintiff received a broken arm, the left arm resting in and protruding out of the window.

Defendant's version is that he was driving well over on his side of the road, and that the Ford was running on that side, and the collision occurred as defendant swerved his truck still further toward the ditch on his side to miss the Ford.

The truck did not stop. Defendant disclaims any knowledge of a collision at the time.

Plaintiff's evidence tends to show the collision was heard and attracted attention two hundred yards away. Without dispute the left wheel of the Ford was smashed, the brake drum dropped down on the ground, and the Ford whirled across the road to the left before coming to a stop. Several witnesses locate the signs on the ground indicating the point of collision well to the right of the center on plaintiff's side of the road. The road was straight at this point.

Appellant's insistence that there is an entire want of evidence of wantonness is based on the fact that the Ford came in contact with the rear part of the truck, a physical fact, proving that the truck was turning to the right to avoid a collision, or else the Ford turned to the left in passing.

■ This fact would be strongly persuasive, to say the least, that there was no intentional collision. But a wanton collision does not require a positive intent to bring it about. First Nat. Bank of Dothan v. Sanders (Ala. Sup.) 149 So. 848.

Stating the rule applicable to a case of this character, we hold that if A drives his car down the center of the road, and meets B, driving his car well on his side of the road, and A, in violation of the law of the road, refuses to turn to the right, and keeps straight ahead with the view of forcing B still further out on his side for fear of a collision, but B continues in the zone he has the right to be, and thus a collision becomes so imminent that it is too late for A to turn to the right and avoid it, A may be guilty of a wanton wrong. Though he may not intend a collision, if he knowingly and wrongfully brings on a condition of danger, taking a chance on the other fellow giving way to his wrongful course, until too late for preventive effort, such conduct has all the elements of a wanton act.

Whether B would be guilty of contributory negligence is, of course, not involved in considering a wanton count.

■ Considering the whole evidence, the question of wantonness was one for the jury. Defendant, in his evidence, does not claim that his failure to turn to the right in due time was a mere oversight or inadvertence.

A straight issue of fact on the whole question of blame is presented.

Under well-known rules, we see no occasion to disturb the verdict of the jury on the weight of the evidence.

The oral charge of the court was wanting in clearness and exactness. Some portions, standing alone, were a misstatement of the law, such as "wilfully, negligently, or wantonly ran his car upon or against the car of the plaintiff." The alternative "negligently" rendered this manifestly bad; but the charge proceeds with conjunctive announcements, such as these: " * * * and that the defendant had knowledge of the situation had knowledge of the fact that he would likely injure the plaintiff by operating his car in that manner, the plaintiff says along the center of the public highway, knowing that he was approaching the car of the plaintiff or someone else, and the plaintiff says that he was guilty of that wrong * * * and that he wantonly, wrongfully and intentionally ran his car down the center of that public highway and against the car or automobile of the plaintiff."

The explanatory statement in response to an exception to a portion of the oral charge

made the basis of assignment of error "nine," is likewise faulty, lacking in clarity. The court, however, gave at defendant's instance charge No. 2 as follows: "2. The Court charges the jury that before a party can be said to be guilty of wilful or wanton conduct, it must be shown that the person charged therewith was conscious of his conduct, and conscious from his knowledge of existing conditions that injury would likely or probably result from his conduct, and that with reckless indifference to consequences he consciously and intentionally did some wrongful act, or omitted some known duty which produced the injury."

With this exact and clear definition of "wantonness" before them, we are of opinion the jury understood the issue.

There was no error in overruling objections to questions propounded to witness C. F. Jackson, made the basis of assignments of error 4 and 6. The motion to exclude the answer to the latter question could well have been sustained, as an opinion, or based on hearsay; but the same fact was clearly shown by other witnesses, and not contradicted. The ruling was harmless.

Count 3 of the complaint, by its cumulative averments, was sufficient to charge that defendant "wantonly ran" his truck against plaintiff's automobile. Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165; Caruth v. Sparkman, 226 Ala. 594, 147 So. 884; Byram & Co. v. Bryan, 224 Ala. 466, 140 So. 768, and cases there cited.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.