30 So.2d 903

### DEAN v. ADAMS.

4 Div. 438.

Supreme Court of Alabama.

May 1, 1947.

Rehearing Denied June 26, 1947.

320

T. E. Buntin and J. Robt. Ramsey, both of Dothan, for appellant.

Lewis & Lewis, of Dothan, for appellee.

FOSTER, Justice.

The chief question on this appeal is whether the evidence justifies a submission to the jury of wantonness as the proximate cause of plaintiff's injuries received as a guest of defendant who was operating his automobile at the time.

In recognition of the requirements of section 95, title 36, Code, the complaint in its only count charged wantonness. There was a judgment for plaintiff, and defendant appeals.

Appellant insists that the count was subject to demurrer. We will set out enough of the complaint to develop that contention. It is that plaintiff was an invited guest riding in defendant's car, which was driven by him, and "defendant wantonly injured plaintiff by causing his automobile to overturn, thereby injuring plaintiff" (described in detail, and that) "she suffered all of said injuries and damage aforesaid, as a proximate result of the wanton act herein complained of."

The contention is that while it alleges a wanton injury, it does not state that the act of causing the automobile to overturn was wanton or otherwise wrongful. But when it is alleged that the injury was wantonly inflicted, and was the proximate result of the wanton act of defendant, it sufficiently shows that the act was itself wantonly done. While there may be a difference between a wanton act and a wanton injury (Jones v. Keith, 223 Ala. 36, 134 So. 630), this count sufficiently alleges both. Yarbrough v. Carter, 179 Ala. 356, 60 So. 833; Louis Pizitz Drygoods Co. v. Cusimano, 206 Ala. 689, 91 So. 779; Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556.

The next argument is based on the refusal to grant a new trial because the evidence was not sufficient to support a claim of wantonness, and the verdict was contrary to the great preponderance of the evidence. The affirmative charge was also refused appellant, and we will treat that in connection with the ruling on the motion.

Plaintiff was an invited guest on a trip made by defendant and his family to Tampa and back to Dothan. Plaintiff is a sister of defendant's wife. Defendant, his wife, two daughters and plaintiff constituted the party. On the return trip they left Tampa about 1 o'clock in the afternoon, and the accident occurred about two the next morning near Dothan, their destination. Defendant drove all the way, except for about 100 miles, when plaintiff drove, and surrendered the wheel to defendant because she thought there was too much play in the steering, and so told defendant.

Before reaching Perry, Florida, there was a puncture in the left rear tire, and the spare tire was put on and they had it repaired at Perry. The tread on the spare tire was worn smooth. When the tire was repaired defendant directed that the old one with the smooth tread remain on the ground. The garage man told him he ought to put on the other tire, but defendant refused saying we will risk this. So that he ran on with the smooth tire on the ground until the accident. This occurred when defendant was driving at night at the rate of 50 or 60 miles an hour in the rain on an asphalt paved road, known by him to be slippery when wet. Without any apparent reason, the car began to skid toward one side of the road and in an effort to right it, then toward the other, alternating a time or two, and then turned over on the left side of the road. He afterwards stated to his wife that he knew it was a dangerous thing to do: drive the car as it was under these conditions.

We have often defined wantonness as requiring knowledge that plaintiff or some person situated as she was, would be subject to danger of being injured as a probable consequence of his conduct, and that with reckless disregard of such consequences he pursued that conduct which proximately caused the injuries complained of. Couch v. Hutcherson, 243 Ala. 47, 8 So. 2d 580, 141 A.L.R. 697; Rainey v. State, 245 Ala. 458, 17 So.2d 687; Simon v. Goodman, 244 Ala. 422, 13 So.2d 679; Jack Cole v. Walker, 240 Ala. 683, 200 So. 768; Daniel v. Motes, 228 Ala. 454, 153 So. 727; Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505; Claude Jones & Son v. Lair, 245 Ala. 441, 445, 17 So. 2d 577.

We have here a situation whose details were known to defendant. (1) That he had on the rear wheel a tire with smooth tread; (2) his steering was loose; (3) that it was night and he had driven about eight or nine hours that night; (4) that it was raining and the road was slippery; (5) that he was driving some 60 miles an hour; (6) that plaintiff was on the rear seat of the car asleep, as were all the others in the car except defendant and his wife.

If the jury were justified in finding that it was dangerous to the passengers in

the car to travel as he did, they would be justified in finding that he had knowledge of such danger. He knew those details and stated that he knew it was dangerous. The condition of the steering wheel and the smooth tire were circumstances known to defendant, and therefore material on the inquiry as to whether defendant operated the car in that condition in the rain on a slippery road at night in a wanton manner on account of the speed at which he was driving it. The jury could find that defendant consciously and intentionally drove his car on that occasion at such a rate of speed as that in the condition it was in he knew it was dangerous to its occupants, and all with reckless disregard of such danger. We thing this record manifests a typical case of wanton injury.

Charge numbered two, given at the request of plaintiff, correctly stated the law defining wantonness according to our cases cited above.

There are no reversible errors apparent from the record.

Affirmed.

GARDNER, C. J., and LAWSON, and STAKELY, JJ., concur.