33 So.2d 321

### BROOKS v. LIEBERT.
#### 4 Div. 466.

Supreme Court of Alabama.

Dec. 18, 1947.

Rehearing Denied Jan. 22, 1948.

C. L. Rowe, of Elba, for appellee.

Jackson, Rives & Pettus, of Birmingham, for appellant.

144

FOSTER, Justice.

This is a suit under the homicide statute, Code 1940, Tit. 7, § 123, for the death of a person riding in the car driven by appellant, resulting in a judgment for plaintiff.

There are two counts in the complaint: No. 1 is intended to be a wanton count, and No. 2 is a simple negligence count.

The first question presented on this appeal is whether count 1 is subject to the demurrer interposed. To quote the features of that count which illustrate the contention: Defendant "did then and there willfully or wantonly injure plaintiff's intestate * * * by so heedlessly or recklessly operating the automobile which he was driving as to cause the same to collide with an automobile approaching in close proximity from the opposite direction * * * whereby and as a proximate result and consequence of which said intestate received personal injuries from which he died."

The contention as argued and as made by demurrer is that the count undertakes to set forth the facts constituting a willful or wanton injury, and these facts are not sufficient in law to do so. The point is that though the count alleges that the injury causing the death was willfully or wantonly inflicted, it states further that this was done by "heedlessly or recklessly operating the automobile," and that heedlessly or recklessly are not equivalent to willfully or wantonly and are repugnant and demurrable, and finally no more than a negligence count, and that as a negligence count it does not state a cause of action under the guest statute. Title 36, section 95, Code of 1940. So that if it states a

wanton injury and death sufficiently as such that statute has been complied with.

The contention is a substantial one, and must be seriously considered, though we have reached the conclusion that we cannot sustain it. We do not seem to have had a case before this Court exactly like this one. But we have had several which illustrate the contention.

In Yarbrough v. Carter, 179 Ala. 356, 60 So. 833, the count was in material respects similar to this one, insofar as it alleges that the injury was wantonly or willfully inflicted, but then alleges that it was "by causing an automobile to run over * * * or against plaintiff." The material difference being that here it alleges "by so heedlessly or recklessly operating the automobile, etc." That difference seems to be that in one it is "by causing," and in the other by heedlessly or recklessly causing. In the Yarbrough case, supra, the court held that the averments have been repeatedly held sufficient by the Court and distinguished from that line of cases in which the counts attempt to set forth the facts relied on to show wanton or willful injury. And in Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 So. 779, 781, the Court was dealing with the allegations of wantonness and willfulness as in the case of Yarbrough v. Carter, supra, and on that authority held the count good and not subject to demurrer as a wanton count, saying "its allegations of fact are brief, and they are presented in an intelligent form so that a material issue can be taken thereon by the defendant. That is what the law requires." And in the case of Dean v. Adams, 249 Ala. 319, 30 So.2d 903, there was a count similar to that in those two cases cited above, but alleging further that she suffered the injuries "as a proximate result of the wanton act herein complained of." The count was sustained as a wanton count on the basis of those cases, supra. To a like effect is Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556.

The argument of appellant is that since in those cases, though the count does not state in words that the wanton injury was inflicted by *wantonly* causing, etc., it does not further describe the word "causing," it could therefore be properly referable to

the word wantonly above, whereas in the instant case "operating" is preceded by "heedlessly or recklessly," and therefore cannot be referable to "wantonly" above, unless they are equal to "wantonly," and then citing cases to show that those terms are not equal to wantonly, but when not aided by further language they are to be treated as "negligently" (Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219), and that if the word *negligently* had been used where "heedlessly or recklessly" are used, the effect would make the count repugnant and at most one for negligence not sufficient under the guest statute.

■ Insofar as here material, we take issue with the argument because, for one reason, "heedlessly or recklessly" do not always mean simply "negligently." Louisville & Nashville R. Co. v. Orr, 121 Ala. 489, 499, 26 So. 35. It is true that, taken alone, they do not contain all the elements of wantonness, because they do not necessarily imply a knowledge of the danger. But they denote a status which is an element of wantonness, and without which wantonness could not exist. So that when the pleader alleges that the injury was wantonly inflicted by heedlessly or recklessly operating the car, it would be a harsh construction of his language to hold that the second phrase meant to change the effect of what he had said immediately preceding, or was repugnant to it.

This Court has held that a count charging a "wanton or willful" injury will not support a recovery on proof of "simple negligence," and a charge in a complaint that an injury was done "negligently, carelessly, and recklessly" is not a good "wanton" count. Kansas City, M. & B. R. Co. v. Crocker, 95 Ala. 412, 432, 11 So. 262. "Negligently" and "wantonly" are repugnant and inconsistent. Merrill v. Sheffield Co., 169 Ala. 242, 253, 53 So. 219. But when a count uses the words "willful acts, gross negligence, reckless carelessness and wantonness" it was held that the use of the phrase "gross negligence and reckless carelessness" does not emasculate the charge in that count as one of willfulness and wantonness. Louisville & Nashville R. Co. v. Orr, 121 Ala. 489, 26 So. 35.

The authorities do not say that recklessly and wantonly are repugnant and inconsistent. They are not so since recklessness is an element of wantonness. Kansas City, M. & B. R. Co. v. Crocker, supra, 95 Ala. at page 433, 11 So. 262; Georgia Pacific R. Co. v. Lee, 92 Ala. 262, 270, 9 So. 230, and heedlessness has no different meaning.

It has been held in many cases that a count charging "negligently, carelessly, and wantonly," is repugnant and subject to demurrer as such, but that when not demurred to, it should be treated as a simple negligence count. Merrill v. Sheffield Co., supra, 169 Ala. at page 253, 53 So. at page 222.

Also in that case the third count was held demurrable in that it charged that defendant recklessly and wantonly or intentionally caused said injuries by its agents recklessly or wantonly or intentionally causing the collision and therefore that it charged a reckless *and* wanton injury by a reckless *or* wanton collision, whereas the word *reckless* is not the equivalent of wanton or intentional. That situation is quite similar to the instant case. But there is a difference as the count there seems to assume erroneously that "reckless *and* wanton" is the equivalent of "reckless *or* wanton".

We prefer not to give the count here under consideration such a strict construction as would make it repugnant in its terms or to "emasculate the charge of willfulness and wantonness" clearly expressed in it.

The court refused to defendant the affirmative charge as to count 1. This charge is based on the theory, as argued in brief, that count 1 is in essence one in simple negligence and is not sufficient to state a cause of action under the guest statute in not alleging that decedent was not a guest of defendant as was undertaken to be done in count 2. But we have expressed the conclusion that it is a wanton or willful count and not subject to that objection.

■ The next question argued on appeal is that the verdict was excessive in amount ($20,000) for an alleged wanton or willful death, or it may be a negligent death:

The collision occurred about 7:30 P. M., August 7th. Defendant was traveling south on a paved highway, apparently a trunk

146

road. He went out from Elba to test his battery or build it up, with deceased to aid him if needed. Going south he approached a rise in the road shown by the pictures not to be very steep to one going north approaching defendant. There was a wide place in the road on defendant's left made by the intersection of another road. Defendant testified that he was trying to turn around and approached that intersection or wide place; that he did not see the other car coming toward him in close proximity on the paved road, nor the lights from it, but as he was on the edge of the pavement on his left, the other car came over the hill and hit his car causing the injury.

That situation involves one of two theories, either that in fact he did see the approaching headlight or its glare in front of him, or if he could not do so, he knew that it was dangerous to turn into the lane of traffic when he knew that a car which he could not see may be reasonably expected to be approaching in that lane, and with such knowledge recklessly proceeded to put his car in the line of danger. If defendant thereby wantonly caused the death of decedent, the amount of the award is not so excessive as that we should say that it was the result of some improper motive. And if he was simply negligent in that respect the same may be said.

We refer to the case of City of Mobile v. Reeves, 249 Ala. 488, 31 So.2d 688(14), for citation of authorities, and controlling principles applicable to that matter.

Although the driver of the approaching car may also have been negligent, a matter not here decided, that does not in any manner minimize the liability of this defendant, if there was such liability.

There is no reversible error shown in respect to the matters argued for appellant.

The judgment is affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.