46 So.2d 414

### WILHITE v. WEBB.

6 Div. 843.

Supreme Court of Alabama.

May 11, 1950.

Clifford Emond, of Birmingham, for appellee.

LIVINGSTON, Justice.

The suit is for personal injuries sustained by plaintiff when struck by an automobile belonging to and operated by the defendant.

The complaint consisted of two counts: one based on simple negligence, the other wanton misconduct. The de-

London & Yancey, Geo. W. Yancey and Frank E. Lankford, of Birmingham, for appellant.

fendant interposed a plea of the general issue in short by consent which, of course, included contributory negligence of plaintiff in defense of the count for simple negligence.

The trial court gave the general charge for defendant as to the wanton count, and submitted to the jury the simple negligence count, together with the issue of plaintiff's contributory negligence, and the jury returned a verdict for the defendant.

Plaintiff moved the trial court for a new trial, assigning many grounds, among them the giving of the general charge for defendant as to the wanton count of the complaint. The court granted the motión and ordered the cause restored to the docket for a new trial. From that judgment, defendant prosecutes this appeal.

We have reached the conclusion that the trial court properly granted the motion for a new trial because of the error made in giving the general charge on wantonness. It will, therefore, not be necessary to discuss other grounds of the motion.

■■ Wantonness has been defined in many of our cases, and in varying language. While the principle is the same in all cases, the definitions must be read in the light of the circumstances surrounding the particular case. Simon v. Goodman, 244 Ala. 422, 13 So.2d 679. The following quotations are, in our opinion, sufficient for applying the law to the facts of the instant case: "From the foregoing decisions we observe that each case is bound by its material facts; that before it can be said an act or failure to act is wantonly done or omitted and an injury resulting thereby is wantonly inflicted, it must be shown that the party charged with committing the wrong or omitting to reasonably act in that behalf, had knowledge of the danger, present or impending, to the other party or parties so situated, and being conscious (from his knowledge of existing conditions and impending danger) an injury would likely or probably result from his conduct or omission to act, with reckless indifference to consequences, consciously and intentionally did the wrongful act, or omitted to do or discharge the known duty in the premises to avert such

danger, and which produced the injurious result." Simon v. Goodman, supra, 244 Ala. at page 424, 13 So.2d at page 680.

"We have often defined wantonness as requiring knowledge that plaintiff or some person situated as she was, would be subject to danger of being injured as a probable consequence of his conduct, and that with reckless disregard of such consequences he pursued that conduct which proximately caused the injuries complained of." Dean v. Adams, 249 Ala. 319, 321, 30 So.2d 903, 904.

"Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury." Griffin Lumber Co. v. Harper, 247 Ala. 616, 618, 25 So.2d 505, 506.

■ "Wantonness may arise from knowledge that persons, though not seen, are likely 'to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law brings on the disaster. Wantonness may, of course, arise after discovery of actual peril by conscious failure to use preventive means at hand." Godfrey v. Vinson, 215 Ala. 166, 169, 110 So. 13, 16.

"And in Central of Georgia R. Co. v. Corbitt, 218 Ala. 410, 118 So. 755, 756, it is declared: 'To constitute willful or intentional injury there must be a knowledge of the danger accompanied with a design or purpose to inflict injury, whether the act be one of commission or omission, while in wantonness this design or purpose may be absent, and the act done or omitted with knowledge of the probable consequence, and with reckless disregard of such consequence. * * *'" Porterfield v. Life & Casualty Co. of Tenn., 242 Ala. 102, 5 So.2d 71, 73.

"A willful or intentional act is not involved in wantonness, which may consist of an inadvertent failure to act by a per-

a

son with knowledge that someone is probably in peril and the act or failure to act is in reckless disregard of the consequences." Atlantic Coast Line R. Co. v. Brackin, 248 Ala. 459, 461, 28 So.2d 193, 194.

"We note that in the opinion of the Court of Appeals reference is made to the fact that in wantonness the accused must have actual knowledge that another occupies a position of peril. True, it is sometimes so stated as in the cases they cite, where other aspects of wantonness were not involved. Copeland v. Central of Georgia R. Co., 213 Ala. 620, 105 So. 809, and in Pratt v. State, 27 Ala.App. 301, 171 So. 393. But it is also as well settled that it is culpable wantonness when the accused has knowledge that some person (any person) is likely to be in a position of danger and with conscious disregard of such known danger, he recklessly proceeds on a dangerous course which causes the disaster, though he may not know whether any person is actually in danger." Rainey v. State, 245 Ala. 458, 461, 17 So.2d 687, 689.

"To constitute wantonness, it was not essential that Brock, the driver of the car, should have entertained a specific design or intention to injure the plaintiff." First National Bank of Dothan v. Sanders, 227 Ala. 313, 315, 149 So. 848.

" 'Wanton injury' was quite accurately defined by the trial court in these words: 'Wantonness is a conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Before a party could be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury.' " Duke v. Gaines, 224 Ala. 519, 520, 140 So. 600.

In the instant case the evidence is in hopeless conflict, but we are here interested only in that phase of it from which the jury might have found wantonness on the part of defendant and are, of course,

not to be understood as indicating an opinion concerning it beyond the question at hand. The evidence tended to prove the following: The plaintiff was injured on March 5, 1947, about 9:30 to 10:00 o'clock at night, at or near the intersection of First Avenue and Sixty-fourth Street, in the City of Birmingham, Alabama. An automobile owned and driven by defendant injured him. First Avenue is a street running in a general east and west direction and Sixty-fourth Street runs in a general north and south direction. Two street car tracks run along near the center of First Avenue. On the night in question plaintiff was waiting for a street car near the northeast corner of the intersection of First Avenue and Sixty-fourth Street. It was, or had been raining, "drizzling rain," and the visibility was poor. A street car, which plaintiff intended to board, was proceeding along First Avenue from east to west. The street car stopped at Sixty-fifth Street, which is one block east of Sixty-fourth Street, and the defendant who was also proceeding from east to west along First Avenue, stopped his automobile at Sixty-fifth Street. The street car and plaintiff's automobile resumed travel at or near the same time and continued along First Avenue to Sixty-fourth Street. The street car stopped about eight feet before it reached the intersection of First Avenue and Sixty-fourth Street. The street car was equipped with two doors, one at the front end of the car for discharging passengers and one near the middle of the car for the entrance of passengers. The street car had stopped and the middle door opened. Plaintiff, upon the approach of the street car, stepped from the curb on, the north side of First Avenue and started across the intervening space between the curb and the street car track for the purpose of boarding the street car. Under these circumstances the defendant, at a rate of speed of from thirty-five to forty miles an hour, attempted to pass between the street car and the north curb line of First Avenue and ran into plaintiff and knocked him approximately sixty feet. The pavement showed tire skid marks for a distance of eighteen feet from the rear bump-

er of defendant's car. First Avenue is a much used thorough fare and was familiar to defendant.

While we do not say that the above facts are true, the evidence tended to prove them, and we are clear to the conclusion that, if true, they justify the jury in finding wantonness and the trial court was in error in charging out the wanton count. He therefore properly granted the motion for a new trial.

Affirmed.

FOSTER, SIMPSON and STAKELY, JJ., concur.