57 So.2d 530

### HAMILTON v. BROWNING.
### 5 Div. 526.

Supreme Court of Alabama.
March 10, 1952.

Denson & Denson and Yetta G. Samford, Jr., Opelika, for appellant.

Smith & Smith, Phenix City, and L. J. Tyner, Opelika, for appellee.

LAWSON, Justice.

In the early hours of the morning of October 31, 1949, there was a collision of two motor vehicles in the city of Opelika. Mrs. Alma Browning and G. W. Adams were riding in an automobile traveling in a westerly direction on Torbert Street, a part of U. S. Highway 241, which automobile collided with a passenger bus owned and driven by J. P. Hamilton, which had entered or was about to enter said street or highway from South Seventh Street, which street runs into Torbert Street from the north.

Mrs. Browning received serious and permanent injuries. She filed this suit in the circuit court of Lee County against J. P. Hamilton to recover damages for such injuries. There are four counts in the complaint, all of which went to the jury. The first two counts charged negligence and the last two wantonness.

Hamilton demurred to the complaint. The demurrer was overruled. Hamilton then pleaded in short by consent as follows: "Comes the defendant, and, for answer to the complaint in this cause and to each count thereof, separately and severally, pleads in short by consent the general issue, with leave to give in evidence any matter which, if well pleaded, would be admissible in defense of the action, to have effect as if so pleaded and with leave to plaintiff to give in evidence any matter which, if well pleaded, would be admissible in reply to

such defensive matter, to have effect as if so pleaded."

The jury returned a general verdict in favor of the plaintiff in the sum of $6,000. Judgment was for that sum, together with costs. The defendant's motion for a new trial having been overruled, he has appealed to this court.

Some slight reference is made to the action of the trial court in overruling the demurrer to Count 3 of the complaint, one of the wanton counts. In view of the meager treatment given this matter in brief, we might decline to review the judgment of the trial court overruling the demurrer to Count 3 of the complaint. Louisville & N. R. Co. v. Morgan, 114 Ala. 449, 22 So. 20. We observe, however, that Count 3 is in material respects in the same language as Count 3 held good in Daniel v. Motes, 228 Ala. 454, 153 So. 727, which count is set out in the report of that case. See Brooks v. Liebert, 250 Ala. 142, 33 So.2d 321. The demurrer to Count 3 was overruled without error.

We need not stop to inquire as to the sufficiency of Count 4 on demurrer. It is clear enough Count 3 and Count 4 each presented the same issue, and evidence offered under either count was admissible under the other. The verdict is properly referable to either count. We do not say that Count 4 was bad as subject to demurrer interposed, but if it should be conceded that such was the case, the action of the court in overruling the demurrer thereto would be error without injury. Louisville & N. R. Co. v. Grizzard, 238 Ala. 49, 189 So. 203; Brush v. Rountree, 249 Ala. 567, 32 So.2d 246.

The rule in respect to a motion by the defendant to exclude all the plaintiff's evidence is that the trial court will not be put in error for refusing the motion, nor will it be put in error for granting it if the evidence does not make a prima facie case. Mt. Vernon-Woodberry Mills v. Little, 222 Ala. 605, 133 So. 710. See Johnson v. Shook & Fletcher Supply Co., 245 Ala. 123, 16 So.2d 406; Stevens v. Deaton Truck Line, 256 Ala. 229, 54 So.2d 464.

If the "general issue in short by consent" is pleaded, it does not permit of special defenses. Hirschfelder v. Mitchell, 54 Ala. 419. But, if the plea further states in effect that any matter in defense may be proved, the door is open to any special defense. Allen v. Standard Ins. Co., 198 Ala. 522, 73 So. 897; Security Finance Co. v. Kelly's Tire Shop, 216 Ala. 642, 114 So. 298. When the pleas are so framed, the contrary not appearing, it is not necessary that the record show consent, further than the statement in the plea. Security Finance Co. v. Kelly's Tire Shop, supra. See Green v. Marlin, 219 Ala. 27, 121 So. 19.

The plea in this case is in a form sufficient to include the defense of contributory negligence as to the first two counts which charged negligence. Wilhite v. Webb, 253 Ala. 606, 46 So.2d 414.

The trial court, upon the oral request of counsel for plaintiff, charged out the defense of contributory negligence. We cannot agree with counsel for appellant that this action of the trial court was based on a misconception of the plea in short by consent. Counsel for appellant, however, seems to argue that the trial court charged out the defense of contributory negligence on the theory that under the plea filed by the defendant, that defense was not an issue. It is true that counsel for appellee made a statement to the court to that effect. But the record shows that the trial court did not agree with this position of counsel for appellee. It seems clear to us that the trial court charged out the defense of contributory negligence on the ground that there was no evidence to support such a defense.

If there was any evidence tending to establish the defense of contributory negligence, then the trial court erred to a reversal in excluding that issue. Mobile City Lines v. Orr, 253 Ala. 528, 45 So.2d 766. On the other hand, if there was no evidence going to show that appellee was guilty of negligence which proximately contributed to her injury, then the trial court did not commit reversible error in so instructing the jury. King v. Brindley, 255 Ala. 425, 51 So.2d 870. This is true even though there was no written request for such ac-

tion by appellee. See Alabama Produce Co. v. Smith, 227 Ala. 330, 150 So. 148.

Appellant argues that there was evidence from which the jury could have found that appellee was driving the car in which she was riding at the time of the collision and that the manner in which she was driving constituted negligence which proximately contributed to her injury.

■ The testimony of the appellee and of her companion, Adams, is positive to the effect that Adams was driving the automobile and the testimony of appellant is to the same effect. On cross-examination of Adams, he was asked if he did not say to a policeman by the name of Hilliard some time after the collision, "I got the woman to drive the car because I was drinking." He denied making such a statement. Hilliard, called as a witness for appellant, testified that Adams told him, "I got the woman to drive the car over because I had been drinking." Such statement was not shown to have been a part of the res gestae or to have been made in the presence of appellee, plaintiff below. The trial court, in regard to this part of Hilliard's testimony, orally charged the jury as follows: "There is some testimony here about attempting to impeach the testimony of a witness in that he made certain statements. That is offered solely for the purpose of affecting the credibility of the witness whose testimony is being impeached, and it is left with you as to what weight you will give his testimony. That is the only purpose of the alleged impeaching evidence." No exception was taken to this part of the charge. Hilliard's testimony as to what he says Adams said to him is the only indication in the case that appellee was driving the automobile. Under the circumstances, it was not evidence going to show that appellee was driving the automobile. Engel v. Davis, 256 Ala. 661, 57 So.2d 76, and cases cited. It is our view of the record that it contains no evidence going to show that appellee was the driver of the automobile in which she was riding.

■ Adams' negligence, if any, could not be imputed to appellee, his guest, as there is no proof that plaintiff had any authority over the car's movement in any manner. Moore v. Cruit, 238 Ala. 414, 191 So. 252, and cases cited; Birmingham Electric Co. v. Turner, 241 Ala. 66, 1 So.2d 299; Utility Trailer Works v. Phillips, 249 Ala. 61, 29 So.2d 289. The car belonged to Adams and he was enroute to get his wife.

■ Appellant asserts in brief: "The appellee was guilty of contributory negligence for riding with Adams knowing at the time that he had been drinking and that she assumed such risks as were involved in voluntarily riding with him." In the very recent case of King v. Brindley, supra, is a restatement of the rule to the effect that one riding in an automobile driven by another, even though not chargeable with the driver's negligence, is not absolved from all personal care for his own safety, but is under the duty of exercising reasonable or ordinary care to avoid injury; that is, such care as an ordinarily prudent person would exercise under like circumstances. After citing a number of our cases so holding, Chief Justice Livingston, writing for the court, said:

"Some of the cited cases are suits by the passenger against third persons, others by the passenger against the driver or owner of the vehicle in which the passenger or guest was riding. But as said in the case of McGeever v. O'Byrne, supra, [203 Ala. 266, 82 So. 508]: 'it can make no difference in principle whether the suit is against a third person, or against him who negligently operates the car; and the duty of the passenger to observe due care under the circumstances for his own safety must be the same in either case.'

"And in speaking of the duty to use due care on the part of the guest or passenger it was held in the case of Birmingham Ry., Light & Power Co. v. Barranco, supra [203 Ala. 639, 84 So. (839) 842]:

"'The duty is therefore not original with respect to the operation of the vehicle, but resultant, and that only from known and appreciated circumstances capable of bringing it into effect * * * no fixed rule applicable to all cases can be formulated by which to determine when the duty stated arises, or what particular circumstances raise the duty, or what particular warning,

protest, or action will suffice to manifest a discharge of the duty once it has arisen.'

" 'The ingredients of contributory negligence do not differ in any respect from those of primary negligence; it is after all "like primary negligence, relative and not absolute, and being relative it is dependent on the peculiar circumstances of each particular case." ' McDermott v. Sibert, supra [218 Ala. 670, 119 So. (681) 684].

"It was said in Proctor v. Coffey, supra: 'We do not think that the authorities support the claim that a mere opportunity to know the danger is sufficient in the absence of facts suggesting to the guest as a person of ordinary care a necessity to keep a watch. That is what was held in the case of Baker v. Baker, supra [220 Ala. 201, 124 So. 740]. So in the case of B.[irmingham] R.[y] L.[ight] & P.[ower] Co. v. Barranco, supra, the duty of the guest is said to arise when he should anticipate that the driver of the vehicle will enter the sphere of danger or omit to exercise due care, not when he has the opportunity to so anticipate without anything to direct his attention to such condition. This principle is also mentioned in McGeever v. O'Byrne, supra; Dwight Mfg. Co. v. Word, 200 Ala. 221(14), 75 So. 979.' [227 Ala. 318, 149 So. (838) 840.]

"And in Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610, 619: 'That is, there is no duty on the guest, in the absence of "knowledge of facts charging him with that duty, to anticipate that a driver will be negligent, reckless or incompetent" in the operation of the car and in keeping a proper lookout.' " 255 Ala. 428-429, 51 So.2d 873.

According to Adams, he was driving at a rate of about thirty-five miles an hour at the time of the collision. There is no evidence to the contrary. Adams denied that he had been drinking. Appellant testified that he got within an inch or two of Adams and detected a strong odor of liquor. Appellee testified that she had no knowledge that appellee had been drinking. There is nothing in the evidence to contradict her on this point. Stripped of this evidence, there is none left upon which to predicate a finding that appellee was guilty of negli-

gence which proximately contributed to her injury. Such evidence is not sufficient to make a jury question as to the contributory negligence of appellee. King v. Brindley, supra. The mere fact that after the accident appellee filed a suit against Adams, charging him with negligence and wantonness, does not tend to show that appellee herself was guilty of negligence at the time of the accident. Nor does the fact that Adams subsequently paid a fine to the City of Opelika indicate any negligence on the part of appellee. As to the payment of the fine, we observe that the record is silent as to the offense, if any, with which Adams was charged.

The trial court did not err to a reversal in charging the jury that there was no issue of contributory negligence.

There may be other grounds on which refusal of defendant's requested Charge M may be justified, but one manifest is that it was abstract. Though Hamilton testified that he detected a strong odor of liquor, there was an entire absence of evidence that Adams was in an intoxicated condition or that it was dangerous for him to drive the automobile or that appellee had any knowledge of these asserted conditions. Birmingham Electric Co. v. McQueen, 253 Ala. 395, 44 So.2d 598.

Under the pleadings and evidence in this case, the trial court did not err in giving appellee's requested Charge 5. See Mobile Light & R. Co. v. Thomas, 16 Ala. App. 629, 80 So. 693.

Appellee testified that she still owed Reese Drug Company the sum of $76.15 for medicine. The unitemized bill was introduced in evidence. There was no direct proof of the reasonableness of the charge. Appellant did not object to the introduction of this evidence or move to exclude it. Appellee was not cross-examined in regard thereto. Appellant requested the following written charge: "B. I charge you, gentlemen of the jury, that you cannot award plaintiff any damages for amounts claimed to be paid or owing Reese Drug Company." It is contended that the trial court's refusal to give this charge constitutes reversible error. We cannot

agree. Even if it be assumed that the evidence as it related to the seriousness and extent of appellee's injuries is not sufficient to warrant a finding that the reasonableness of the charge is within the range of common knowledge, Opelika Coco-Cola Bottling Co. v. McEachern, 242 Ala. 628, 7 So.2d 570, we do not think reversible error is made to appear in the action of the trial court in refusing defendant's written Charge B.

In Aplin v. Dean, 231 Ala. 320, 164 So. 737, which case is cited by appellant, it was said: "* * * If, after proving the amount of the charge, the plaintiff should fail to offer any evidence tending to show hospitalization was necessary, and the charge to be reasonable, the defendant should either move for the exclusion of the testimony as to the charge or bill, at the close of the evidence, or should ask for an affirmative instruction against recovery in that behalf, as in other cases of failure of proof. Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L.R. 840; Birmingham Ry., Light & Power Co. v. Humphries, 172 Ala. 495, 55 So. 307." 231 Ala. 324, 164 So. 740.

Defendant's Charge B was an affirmative instruction against recovery of the drug bill, but inasmuch as there had been no objection to the evidence as it related to the bill, nor had the court's attention been called to the fact that the reasonableness of the charge had not been shown, we do not think Charge B was in such form as to predicate a reversal on its refusal.

In Birmingham Ry., Light & Power Co. v. Girod, 164 Ala. 10, 51 So. 242, appellant asserted that the refusal of the trial court to give charges similar to Charge B, refused appellant in this case, constituted reversible error. This court held to the contrary, saying in part: "* * * Parties may try their cases on immaterial evidence if they desire; but they will not be allowed to introduce evidence, to admit it, or to consent to it, without protest or objection, and then have the court charge the jury that they cannot find a verdict on it, because not competent or relevant—*especially when the charge itself does not point* *out or call the court's attention to the evidence complained of, but merely requests a verdict as if no evidence had been admitted as to the question.*" (Emphasis supplied.) 164 Ala. 22, 51 So. 246. See Parisian Co., Inc. v. Williams, 203 Ala. 378, 83 So. 122.

It is insisted that the trial court erred in refusing to give the appellant's request for the affirmative charge as to the wanton counts.

In Dean v. Adams, 249 Ala. 319, 30 So.2d 903, as regards the elements of wantonness, we said: "We have often defined wantonness as requiring knowledge that plaintiff or some person situated as she was, would be subject to danger of being injured as a probable consequence of his conduct, and that with reckless disregard of such consequences he pursued that conduct which proximately caused the injuries complained of. Couch v. Hutcherson, 243 Ala. 47, 8 So.2d 580, 141 A.L.R. 697; Rainey v. State, 245 Ala. 458, 17 So.2d 687; Simon v. Goodman, 244 Ala. 422, 13 So.2d 679; Jack Cole, Inc. v. Walker, 240 Ala. 683, 200 So. 768; Daniel v. Motes, 228 Ala. 454, 153 So. 727; Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505; Claude Jones & Son v. Lair, 245 Ala. 441, 445, 17 So.2d 577." 249 Ala. 321, 30 So.2d 904.

In considering the propriety of the affirmative charges in this case, we review the tendencies of the evidence most favorable to plaintiff, without regard to any view we may have as to the weight of the evidence; and must allow such reasonable inferences as the jury was free to draw, not inferences which we may think the more probable. Duke v. Gaines, 224 Ala. 519, 140 So. 600.

Appellant admitted that he saw the car in which appellee was riding some distance before it got to the intersection. Of course, he denied that he ever entered the intersection, claiming that he was still on South Seventh Street at the time of the collision and that the car in which appellee was riding ran a "red light" and into South Seventh Street, hitting his bus and then ran into the bank on the other side of Torbert Street. But the evidence for the appellee presented a different picture. Accord-

ing to her testimony and that of Adams, they had the "green light" as they approached and entered the intersection and that appellant drove his 16-foot bus against the red stop signal and across the highway at a speed of approximately twenty miles an hour in front of the automobile in which appellee was riding.

 The jury could have found that appellant saw the car in which appellee was riding as it approached the intersection and that he consciously and intentionally broke or ran over a stop signal and drove his 16-foot bus across the highway into the path of the car in which appellee was riding. This evidence, if believed, made out a case of wantonness and the affirmative charge as to the wanton counts was properly refused. Brown Hauling Co. v. Newsome, 241 Ala. 300, 2 So.2d 782.

It is asserted that the trial court was in error in overruling the motion for a new trial because the verdict of the jury was contrary to the great weight of the evidence. Where there is evidence which, if believed, justified the verdict, the motion for new trial is properly overruled. Johnson v. Louisville & N. R. Co., 240 Ala. 219, 198 So. 350; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725. Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738. It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Southern R. Co. v. Kirsch, 150 Ala. 659, 43 So. 796; Smith v. Smith, 254 Ala. 404, 48 So.2d 546. See W. T. Smith Lumber Co. v. McKenzie, 256 Ala. 496, 55 So.2d 919. After allowing all reasonable presumptions in favor of the correctness of the verdict, we cannot say that the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone, supra.

We have considered all assignments of error which have been argued sufficiently to warrant consideration, and finding no reversible error in any of them, the judgment of the trial court is affirmed.

Affirmed.

BROWN, FOSTER, SIMPSON, and STAKELY, JJ., concur.