60 So.2d 473

### SKIDMORE v. SKIDMORE.

### 8 Div. 599.

Supreme Court of Alabama.

Aug. 27, 1952.

Williams & Williams, Russellville, for appellant.

Guin & Guin, Russellville, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from the Law and Equity Court of Franklin County, Alabama, in Equity. Complainant filed her bill for divorce, alimony, and permanent custody of the minor children of the marriage. The bill contains alternative averments, charging respondent with cruelty and habitual drunkenness. Respondent answered by denying the allegations of the bill, and asked by way of cross-bill for permanent custody of the children. This cross-bill was answered by complainant denying its allegations. Trial was had before the court, evidence being taken *ore tenus*. The record, therefore, comes to us with the usual presumption of the correctness of the lower court's finding as to the facts.

It would serve little purpose in setting out the evidence relating to the conduct of both husband and wife. It is sufficient to say that neither party conducted himself with propriety. However, in our opinion the evidence bears out complainant's bill, and the decree must be affirmed.

There is evidence to show that respondent became addicted to liquor after his marriage to the extent that he became an habitual drunkard. Respondent's defense seems to have been based on the theory that such condition existed before the marriage of the parties, and that under such circumstances a divorce will not be granted, citing Title 34, Section 20 of the Code of Alabama (1940), and cases in the annotation thereto. However, the evidence is conflicting on this question, and the court's finding cannot be said to be palpably in error.

The charge of cruelty need not be considered as the decree of divorce may be referred to the allegation charging habitual drunkenness.

The decree also awarded permanent custody of the minor children to complainant. We may observe that under the circumstances the lower court was in a difficult position in reaching a decision. Neither parent has such a home or can offer such a home that can be considered ideal. The decree was as just as could be made under the facts of the case.

We do not deem it necessary to consider the question of the admissibility of the certificate made by the Superintendent of the State Tuberculosis Sanitarium. The question of complainant's condition was not questioned by respondent at the trial. There is other evidence in the record to the general effect that the complainant was not in a tubercular condition. We therefore cannot say that the introduction of such evidence was prejudicial. Daniel v. Motes, 228 Ala. 454, 153 So. 727; Alabama Machinery & Supply Co. v. Caffey, 213 Ala. 260, 104 So. 509; Supreme Court Rule 45, Code 1940, Tit. 7, Appendix.

There is no reversible error in the record, and the case is due to be affirmed.

Affirmed.

FOSTER, LAWSON, SIMPSON and GOODWYN, JJ., concur.