67 So.2d 832

### McNICKLE v. STRIPLING et al.

### 6 Div. 456.

Supreme Court of Alabama.

Oct. 29, 1953.

Sandefer & Powell and Winton G. Wilson, Birmingham, for appellant.

Geo. W. Yancey and London & Yancey, Birmingham, for appellees.

SIMPSON, Justice.

This is an action for damages due to a collision of a motorcycle plaintiff was riding and the automobile defendant was driving.

There were two counts, one for simple negligence and the other based on wanton misconduct. The court charged out the wanton count at the request of the defendant and the case went to the jury on the negligence count. There was a verdict and judgment for the defendant and the plaintiff brings this appeal.

The decisive question is whether there was error in giving the affirmative charge for defendant on the wanton count and we hold that there was. Stating the evidence in its most favorable aspect for the plaintiff, it is: Plaintiff, a minor of the age of fifteen years, was riding his motorcycle to the Birmingham *News* branch office in the city of Homewood, Alabama, to pick up his papers for delivery on the afternoon of September 20, 1950.

He was proceeding between 20 and 25 miles an hour eastwardly on Oxmoor Road, a 40-foot wide, well travelled, paved street, when he first observed the defendant, Mrs. George W. Stripling, proceeding northwardly on Edgewood Boulevard, which intersects Oxmoor Road on the south. He was approximately one-half block from this intersection when she entered Oxmoor Road from Edgewood Boulevard and turned right and proceeded in the same direction as the plaintiff eastwardly down Oxmoor. Her car was 4 or 5 feet from the south (right) curb line of Oxmoor and her speed was from 10 to 16 miles per hour. Dale Avenue intersects Oxmoor on the north side some 66 feet east of Edgewood. On reaching this intersection Mrs. Stripling made a left turn across the path of plaintiff. She gave no hand signal or other indication that she was going to turn. When this happened plaintiff decelerated his motor and in order to avoid hitting her made a left-hand turn with the defendant's automobile, but was unable to avert the crash. His motorcycle hit her automobile at an angle, the point of impact being on the north side of Oxmoor Road some 6 feet south of the point of intersection of Dale and Oxmoor and on the west side of Dale. He was thrown from his motorcycle and suffered painful and permanent injuries. In short, after entering Oxmoor, Mrs. Stripling proceeded eastwardly in the right lane close to the curb and the plaintiff was proceeding in the second lane toward the center line, both vehicles travelling in the same direction, and without any warning signal of any kind, after reaching the point where Dale intersects with Oxmoor on the opposite side of the highway, she turned across it and in the path of plaintiff's oncoming vehicle. She admitted on the stand that as she entered Oxmoor she observed the motorcycle some half-block to her left and that when she made the left turn toward Dale she knew the motorcycle was behind her but she did not look to see where it was.

In addressing consideration of the foregoing evidence to the applicable rule, it is to be first observed that while the principle

is the same in all cases, there are necessarily shades of differences in the facts of each case and for that reason the definition of wantonness must be read in the light of the circumstances of the particular case under review. Wilhite v. Webb, 253 Ala. 606, 46 So.2d 414; Simon v. Goodman, 244 Ala. 422, 13 So.2d 679.

The concept is, of course, universal that to constitute wantonness it is not essential that the defendant should have entertained a specific design or intent to injure the plaintiff. A wilful or intentional act may not necessarily be involved in wantonness. It may consist of an inadvertent failure to act by a person with knowledge that someone is probably imperiled and the act or failure to act is in reckless disregard of the consequences. Atlantic Coast Line R. Co. v. Brackin, 248 Ala. 459, 461, 28 So.2d 193.

Or stated another way:

"Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law [defendant] brings on the disaster. * * *" Godfrey v. Vinson, 215 Ala. 166, 169, 110 So. 13, 16.

If, therefore, the defendant, conscious of plaintiff's position but ignoring the consequences, heedlessly or recklessly disregarded the danger and turned across the road immediately in front of plaintiff without looking to see if plaintiff was in a dangerous position at a time and place when defendant should have anticipated such a condition, such conduct would amount to wantonness. We think the evidence adduced made a jury question on this issue. Among our cases applying the applicable rule, with facts somewhat similar and lending support to this conclusion are: Wilhite v. Webb, supra; Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355; Godfrey v. Vinson, supra; Fortson v. Hester, 252 Ala. 143, 39 So.2d 649; Daniel v. Motes, 228 Ala. 454, 153 So. 727.

The rules of the road require, among other things, that:

"(b) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section 16 of this chapter, or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement.

"(c) A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning." § 17, Title 36, Code 1940, 1951 Pocket Part, Vol. Six.

Defendant violated this rule of the road, which is designed to protect the traveling public from such accidents as occurred here. She saw the plaintiff as she entered Oxmoor Road. She knew he was traveling behind her automobile at a slightly greater rate than she and proceeding in the same direction, and knowing all this, and in obvious disregard of the consequences, she made the left turn across this 40-foot highway without looking back— a most necessary thing to do in this modern day of vehicular travel—and without giving any warning signal. The testimony of defendant was in sharp conflict with this, but clearly the issue of wantonness was a matter to be determined by the jury.

Appellee argues that defendant did not know the motorcycle was following her car and was not aware of the plaintiff being in a position of danger. The clear inference, however, is that she ought to have been so aware, since she had just seen the motorcycle and admitted she knew it was behind her. As stated, wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger and with conscious disregard of known conditions of danger and in violation of law, the defendant brings on the disaster. Godfrey v. Vinson, supra.

It results as our view that the learned trial court erred in charging out the wanton count.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.