228 So.2d 767

**Marie Cecilia HORN**

v.

**James Ralph DAVIS and Cledis Peterson, etc.**

I Div. 482.

Supreme Court of Alabama.

Aug. 7, 1969.

Rehearing Denied Dec. 11, 1969.

**6**

Armbrecht, Jackson & DeMouy, Mobile, for appellees.

Reynolds & Lauten, Mobile, for appellant.

LIVINGSTON, Chief Justice.

This is a suit by Marie Cecilia Horn against James Ralph Davis and Cledis Peterson, individually, and doing business as Peterson Produce Company, for personal injuries received by her in a collision between the automobile she owned and was driving and a truck being operated at the time by Davis, who was admittedly acting within the line and scope of his authority for his employer, Cledis Peterson, individually, and doing business as Peterson Produce Company.

The case was submitted to the jury on Count One charging negligence and the defendants' pleas of the general issue and contributory negligence. Count Two, charging wanton conduct, was not submitted to the jury. The court, at the request of the defendants, gave in writing the affirmative charge in favor of the defendants as to the wanton count.

There was a verdict in favor of the defendants. Judgment was rendered and entered in accordance with the jury's verdict.

A motion for a new trial was timely filed and overruled. Thereafter, the plain-

tiff appealed to this Court from the original judgment.

We feel that the first assignment of error (# 1), the giving of defendants' written Charge A, presents the decisive question and we will give this priority on consideration of the appeal.

The collision occurred on a part of U.S. Highway 31 and 90 running generally east and west, and not too far from the Mobile-Baldwin County Line. There is a curbed, raised median strip dividing the two west-bound lanes from the two east-bound lanes. The road was straight and level. The two west-bound lanes are each twelve (12) feet in width. It was about 1:15 A.M. on February 19, 1966. The weather was clear.

The plaintiff, who was the Executive Secretary in the office of the Tax Assessor of Mobile County, Arnold Debrow, was driving her 1965 Mercury four-door automobile. There were four passengers in the car, including Mr. Debrow, and a coemployee, Miss Alicia Casey. The group was returning from a late supper engagement at the Sea Ranch (located about one-quarter (¼) of a mile east from the point of impact). Mr. Debrow, following a business conference relating to a campaign for reelection, had invited the group to join him for dinner. There were certain crossovers between the east-bound and west-bound lanes permitting traffic to change directions when desired. Some of these crossovers were "false" in that a full crossing could not be completed. The defendant Davis was the driver of the tractor-trailer unit and preceded the plaintiff's car going west. Plaintiff's car entered the highway on leaving the Sea Ranch, driving west until the collision occurred. After skidding for considerable distance, the passenger car struck the right rear portion of defendant's truck. There was no damage to the front of plaintiff's car, the point of impact being in the center of the car, almost directly opposite the driver's seat. The location of defendant's vehicle, and if it was in motion, was highly controversial. For the present, the above will suffice to permit a consideration of assignment of error No. 1.

Plaintiff and two of the passengers in her car testified regarding the collision. The defendant truck driver also was a witness and testified he was familiar with this location.

The evidence here is in hopeless conflict, but we are only concerned with the phase of it from which the jury might have found wantonness on the part of the defendant truck driver, and, of course, we do not indicate an opinion concerning it. Here, we state the evidence in its most favorable aspect for the plaintiff.

The evidence tended to prove the following:

Plaintiff's automobile was in the inner or left lane, some distance behind defendant's trailer truck, both going in a westerly direction. Plaintiff was overtaking the truck which had obviously slowed down, and which was then in or partly in the right lane; that when plaintiff's car was seventy-five (75) to one hundred (100) feet back, the truck without warning or signal turned suddenly from the right lane to the left across the projected path of the plaintiff's car. Confronted with this emergency, plaintiff applied her brakes and cut to the right and skidded into the rear of defendant's vehicle. Under these circumstances, we hold that a jury question under the wanton count was presented.

In McNickle v. Stripling, 259 Ala. 576, 67 So.2d 832, the Court said:

"[2, 3] The concept is, of course, universal that to constitute wantonness it is not essential that the defendant should have entertained a specific design or intent to injure the plaintiff. A wilful or intentional act may not necessarily be involved in wantonness. It may consist of an inadvertent failure to act by a person with knowledge that someone is probably imperiled and the act or failure to act is in reckless disregard of the consequences. Atlantic Coast Line

R. Co. v. Brackin, 248 Ala. 459, 461, 28 So.2d 193.

"[4] Or stated another way:

" 'Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law [defendant] brings on the disaster. * * *' *Godfrey v. Vinson,* 215 Ala. 166, 169, 110 So. 13, 16.

"If, therefore, the defendant, conscious of plaintiff's position but ignoring the consequences, heedlessly or recklessly disregarded the danger and turned across the road immediately in front of plaintiff without looking to see if plaintiff was in a dangerous position at a time and place when defendant should have anticipated such a condition, such conduct would amount to wantonness. We think the evidence adduced made a jury question on ·this issue. Among our cases applying the applicable rule, with facts somewhat similar and lending support to this conclusion are: Wilhite v. Webb, supra; Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355; Godfrey v. Vinson, supra; Fortson v. Hester, 252 Ala. 143, 39 So.2d 649; Daniel v. Motes, 228 Ala. 454, 153 So. 727.

"The rules of the road require, among other things, that:

" '(b) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section 16 of this chapter, or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement.

" '(c) A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.' §. 17, Title 36, Code 1940, 1961 Pocket Part, Vol. Six.

"Defendant violated this rule of the road, which is designed to protect the traveling public from such accidents as occurred here. She saw the plaintiff as she entered Oxmoor Road. She knew he was traveling behind her automobile at a slightly greater rate than she and proceeding in the same direction, and knowing all this, and in obvious disregard of the consequences, she made the left turn across this 40-foot highway without looking back—a most necessary thing to do in this modern day of vehicular travel—and without giving any warning signal. The testimony of defendant was in sharp conflict with this, but clearly the issue of wantonness was a matter to be determined by the jury." See also Wilhite v. Webb, 253 .Ala. 606, 46 So.2d 414.

In Thrasher v. Darnell, 275 Ala. 570, 156 So.2d 922, we gave consideration to the question of wantonness as follows:

"We are not persuaded that the wanton count was not supported by any evidence. Considering the density of motor vehicular traffic that would justify the building of a highway consisting of four lanes (two each for traffic proceeding in opposite directions) within the corporate limits of Huntsville to facilitate the movement of traffic, as here, we cannot say as a matter of fact that defendant was not guilty of wantonness when he undertook, as the plaintiff's testimony tended to show, to move from his left lane to the right lane of traffic without first determining he could do so with reasonable safety. General Acts of 1949, Act No. 517, page 754. Also, see Title 36, § 17, Recompiled Code of Alabama 1958; Roberts v. McCall, 245 Ala. 359, 17 So.2d 159(2). A jury question under plaintiff's evidence was presented."

*Assignments of Error 2-6 Inclusive.*

These assignments of error relate to the giving of written charges Nos. 14, 15, 16, 17, 19, and 21, holding in effect that plaintiff could not recover if the jury was reasonably satisfied that plaintiff was guilty of contributory negligence.

Had the wanton count been submitted all of these charges should have been refused, because as contended by appellant, they ignored the wanton count. To this extent, the giving of the charges constituted error. Of course, the court having charged out the wanton count, the general issue and plea of contributory negligence were the only defenses then available in answer to Count One. Crocker v. Lee, 261 Ala. 439, 74 So.2d 429.

Because of our holding on the Court's failure to submit the wanton count to the jury, we forego consideration of any other questions. The plaintiff is entitled to a new trial.

Reversed and remanded.

LAWSON, MERRILL and HARWOOD, JJ., concur.