# Birmingham Railway Light & Power Co. *v.* Girod.

## *Injury to Passenger.*

(Decided June 30, 1909. Rehearing denied Dec. 16, 1909.
51 South. 242.)

1. *Carriers; Passengers; Injury; Contributory Negligence.*—To a complaint while a passenger for injury in alighting from an electric car, a plea alleging that plaintiff was guilty of negligence proximately contributing to her injuries in that she rode on a platform in violation of a rule published in the car in such a way that she could have seen it, is not sufficient since it fails to show notice of the rule and the causal connection between its violation and the injury.

2. *Same; Jury Question.*—A passenger is not guilty of contributory negligence as a matter of law, in stepping from an electric car in the dark, encumbered with small bundles, while the car is slowing up to stop, and is barely moving.

3. *Same.*—A passenger riding on the platform of an electric car without supporting herself with either hand cannot be said to be guilty of contributory negligence as a matter of law.

4. *Same; Instructions.*—Where there was evidence that the passenger was injured while alighting, caused by a sudden increase in the speed of the car, it was not proper to charge the jury that it was not the conductor's duty to know of the passenger's position of peril, at the time the speed of the car was increased.

5. *Same.*—A carrier is not exonerated from liability for injury to an alighting passenger because of the fact that the crew did not know that she intended to alight before reaching the usual stopping place.

6. *Charge of Court; Assumption of Fact.*—Charges which assume as true material facts not admitted and not conclusively proven, are properly refused.

7. *Same; Covered by Those Given.*—Charges embodying propositions of law already embraced in written instructions given, are properly refused.

8. *Trial; Reception of Evidence; Necessity of Objection.*—Where evidence was introduced without objection showing the amounts paid for nursing, medical attention, etc., it was proper to refuse charges asserting that such amount could not be recovered because not shown to be reasonable.

9. *Same.*—Unless it is apparent that the answer cannot be made relevant or competent by other evidence, an objection to a question on the ground that the answer is not shown to be necessary may be properly overruled.

10. *Pleading; How Corrected; Demurrer.*—Where a complaint is too general in its averment as to the nature, character or extent of

the injury sought to be recovered for, it should be corrected by demurrer.

11. *Damages; Pleading; What Recoverable.*—Where the husband's complaint declares for the loss of the wife's services and society on account of injuries received, and it is alleged that she fell and thereby received external and internal injuries, and was permanently injured it is competent to permit evidence to be introduced showing the loss of her voice as a measure of damages in consequence of her injuries, although the loss of her voice is not particularly alleged.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by L. N. Girod against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The allegations of damage in the complaint are as follows: "She was caused to fall with great force and violence, and thereby received internal injuries to her body, and was greatly shaken up, and her nervous system greatly shattered and impaired, and she was for a long time wholly confined to her bed, was permanently injured, and plaintiff was put to great expense for medicine, medical care, and treatment, in and about his efforts to heal and cure the wounds and injuries of his said wife, and was deprived of and lost the services and society of his said wife, and suffered great mental and physical pain." The evidence for the plaintiff tended to show that he had to send his wife to Hopkinsville, Ky., for treatment, and pay her railroad fare there and back. The other evidence sufficiently appears in the opinion of the court.

The second plea was as follows: "Defendant, for answer to each count of the complaint separately and severally, says that the plaintiff's wife was herself guilty of negligence which proximately contributed to her injuries, in that she rode on the platform of defendant's car while it was in motion, in violation of a rule of the defendant published in the car in which the plaintiff

was riding as a passenger at the time of her injury in such a way that the plaintiff by the exercise of reasonable care could have seen before riding on the platform." The demurrers were: "The plea fails sufficiently to set forth the negligence of the wife. It fails to show that plaintiff's wife knew of the alleged rule. The alleged rule is not set forth with sufficient certainty. The negligence averred is a conclusion." The other pleas are sufficiently set forth in the opinion.

The following charges were refused to the defendant:

(1) "If the jury believe from the evidence that the plaintiff's wife voluntarily stepped from defendant's car while it was moving, and before it had reached its regular stopping place of which fact she was aware, and if the jury further believe that when she so stepped from the car it was dark, and she had a can in one hand and a package in the other, then plaintiff's wife was guilty of negligence." (2) "If the jury believe from the evidence that plaintiff's wife voluntarily stepped from defendant's car in the dark, and while it was moving, and before it had reached its regular stopping place to discharge passengers, and that she had a can in one hand and a package in the other, plaintiff's wife was guilty of contributory negligence." (18) "If the jury believe from the evidence that plaintiff's wife consciously and purposely stepped from the car she was riding on in the dark, and while it was moving, and that this proximately contributed to her injury, the jury must find for the defendant." (20) "If the jury believe from the evidence that the plaintiff's wife voluntarily, and while encumbered with a can and in the dark, stepped from defendant's car while it was in motion, and that her doing so proximately contributed to her injuries, the jury must find for the defendant." (10) "If the jury believe from the evidence that the plaintiff's wife, at

the time of the accident, was on the platform of defendant's car while it was moving, with a can in one hand and a package in the other, and without holding or supporting herself with either hand, the jury must find that she was guilty of negligence." (15) "It was not the duty of the conductor to know before increasing the speed of the car that the plaintiff's wife was not in a position of peril from such increase of speed, if at the time the speed had increased the car had not reached its regular stopping place for the discharge of passengers. (16) "The, calling of the name of the station in the car by the conductor would not be an invitation to plaintiff's wife to alight until the car had come to a stop after the name of the station was called." (19) "If the jury believe from the evidence that the conductor called the name of the station as the car approached it, still the plaintiff's wife would not have been justified in alighting from the car while it was in motion, and before it had reached its regular stopping place for discharging passengers." (21) "If the jury believe from the evidence that the defendant's car had not reached the usual place for discharging passengers when plaintiff's wife tried to get off the car, and if the jury further believe from the evidence that the crew of the car did not know that she intended to alight before reaching the usual stopping place until after the accident, the jury must find for the defendant."

Charges 6, 7, 8, and 9 assert that plaintiff cannot be awarded any damages for the amount of money paid as nurse's wages, or the amount paid Dr. Wynne, or for loss of his wife's services in cooking, or for any injury to his wife's voice. Charges 11, 12, and 13 assert that no damages can be awarded plaintiff for the amounts paid Drs. Copeland or Heacock or Brown. Charge 14 asserts that he cannot recover for any money expend-

ed for clothing, shoes, and medicine for his wife's nurse during her sickness. Charge 17 asserts that the jury cannot award plaintiff any damages for the shortening of his wife's left leg, or for the injury to her left hip, though the jury may believe from the evidence that such an injury existed.

Motion for new trial was made, based on the ground that the damages are excessive and that the verdict was contrary to the evidence.

TILLMAN, GRUBB, BRADLEY & MORROW, and L. C. LEADBETTER, for appellant.—The court erred in sustaining demurrers to the plea setting up contributory negligence in riding on the platform in violation of the company's rule.—*A. G. S. v. Hawk*, 72 Ala. 112; *Bir. R. L. & P. Co. v. McDonough*, 44 South. 960; *Bir. R. L. & P. Co. v. Stallings*, 45 South. The court improperly permitted the plaintiff to recover for loss of his wife's voice, and in refusing defendant's 9th and 17th charges.—*City D. Co. v. Henry*, 139 Ala. 165. It was not competent to elicit evidence as to the railroad fare to Hopkinsville, Ky.—*Woodward I. Co. v. Curl*, 44 South. 974. The court erred in refusing defendant's charges numbered 1, 2, 18 and 20.— *Ricketts v. Bir. R. L. & P. Co.*, 85 Ala. 604; *Watkins v. Bir. R. L. & P. Co.*, 120 Ala. 147; *Hunter v. L. & N.*, 43 South. 802; *L. & N. v. Shauffler*, 75 Ala. 136; *L. & N. v. Lee*, 97 Ala. 325. The court erred in refusing charge 6.—*Woodward I. Co. v. Curl, supra;* *Southern Ry. Co. v. Crowder*, 135 Ala. 418. On this last authority the court erred in refusing charge 14. The court erred in refusing charges 7, 11, 12 and 13.— *Clark v. Wescott*, 57 N. Y. Supp. 1111; *A. G. S. v. Seward*, 123 Ala. 557; *Woodward I. Co. v. Curl, supra.* The court erred in refusing charge 10.—6 Cyc. 646.

[Birmingham Railway Light & Power Co. v. Girod.]

The court should have given charges 15, 16, 19 and 21.
—Hutch. on Carriers, sec. 1123; *E. T. V. & G. v. Holmes,* 97 Ala. 332; *Smith v. Ga. Pac.,* 88 Ala. 538; *R. & D. R. R. Co. v. Smith,* 92 Ala. 237.

STALLINGS & DRENNEN, for appellee.—The court did not err in sustaining demurrer to the 2nd plea.—*Bir. R. & E. Co. v. Jones,* 121 Ala. 122. Besides plaintiff got the benefit of this plea under other pleas.—*Bir. Ry. L. & P. Co. v. Dickerson,* 45 South. 659. Counsel discuss the assignments of error as to evidence, but without citation of authority. As to the refused charges, counsel discuss the authorities cited by appellant, and conclude that the charges were bad and properly refused. As to charge 10, they cite.—*Bir. Ry. L. & P. Co. v. Dickerson, supra.* As to charge 15 they cite.—*Bir. R. L. & P. Co. v. Lee.*

MAYFIELD, J.—This is an action by plaintiff, as a husband, for lost services due to a personal injury received by his wife, while a passenger on defendant's electric car, in being thrown from it, while alighting at her destination, by a sudden starting or increase in speed of the car. The complaint originally consisted of three counts. The third was withdrawn by amendment. Each count charged simple negligence only.

Defendant filed six special pleas of contributory negligence. Demurrer was sustained to the second plea, charging plaintiff's wife with negligence in riding on the platform, in violation of defendant's rule published in the car. The rulings on demurrers to the complaint are not insisted on. The remaining special pleas, demurrers to which were overruled, charged contributory negligence in riding on the platform without properly holding on, and in alighting from the car, in the dark, and encumbered with bundles, while it was in motion.

Plaintiff's evidence tended to show that his wife was a passenger from Birmingham to Ensley on Defendant's electric car, and her destination was Nineteenth street and Avenue E. Ensley, which was the terminus of the car line; that when the car approached the terminus the conductor called out "Ensley," or "All out for Ensley," after the car stopped, and she arose from her seat and went to the rear of the car, with other passengers, to alight, and was the last one to alight; that while on the platform, in the act of alighting, with a gallon can of milk in her hand, and not holding on, the car started with a sudden jerk and threw her to the ground; that she heard the conductor ring the bell to start, he being on the inside; that she was first taken to the hotel at Ensley, near the terminus, and thence in an ambulance to her home; that on the way to her home in the ambulance she lost her voice, and had since been unable to speak above a whisper; that her vision was also injuriously affected after the accident; that she remained confined to her bed for months; that her hip was fractured, and she could only walk on crutches up to the time of the trial, and that she had broken ribs; that the plaintiff had employed Dr. W. H. Wynne, Dr. B. G. Copeland, Dr. Heacock, and Dr. Manning Brown, of Hopkinsville, Ky., where he had sent his wife for treatment, to treat her, and had also paid doctor's bills to each in amounts testified by him, and had paid nurse's wages and his wife's railroad fare from Birmingham to Hopkinsville, Ky., and return, when she went there for treatment (record, pages 14 and 15) ; that Dr. Manning Brown had never treated her before the accident; that plaintiff had to hire a cook after the accident, to whom he paid $3 a week and board; that he paid the nurse wages, and also furnished her with shoes, clothing, and medicine as part of her wages, and with board. There was no evi-

dence introduced as to the reasonableness of the amount paid the doctors, nurse and cook. The evidence is set out in full, except the doctors', and on page 30 of the record is a recital in the bill of exceptions that the testimony of the doctors not set out in extenso related to the plaintiff's wife's condition and the extent of her injuries, "but to no other facts bearing on any of the issues involved, and whose evidence is not for that reason set out in extenso in the bill of exceptions." The evidence of the physicians was of great length, and for that reason, and the additional reason that the extent of plaintiff's wife's injuries is only involved in the exception based on the motion for a new trial because of excessive damages, which is not insisted on, was set out in full.

Defendant's evidence tended to show that the plaintiff's wife attempted to alight before the car reached its usual stopping place for discharging passengers, and while it was moving; that it was dark, and that she had bundles in one hand and a can in the other; that she stepped off of her own accord and fell, the car not stopping till it reached the usual stopping place for discharging passengers; that the conductor called "All out for Ensley" while the car was still in motion, and that it did not come to a stop after he announced the name of the station and until after the plaintiff's wife had fallen; that the car plaintiff's wife was riding on was following another car, and would slow up to permit it to get far enough ahead, and then start again forward, but never did come to a stop till it reached the terminus, where passengers were accustomed to get off. The evidence of the defendant also tended to contradict the alleged serious character of the plaintiff's wife's injuries.

The action being that of the husband, the measure of damages was for loss of his wife's services and society.

Plea 2 was insufficient in that it failed to show that the passenger had notice, actual or constructive, of the rule set up as a defense, and it does not sufficiently allege a causal connection between the violation of the rule and the injury alleged in the complaint. It may be there was an attempt to conform the pleas to these requirements. They were insufficient, and the demurrer was therefore properly sustained.

The allegations of the complaint were sufficient, as to the character and extent of the injuries received by the passenger, to allow evidence as to the loss of voice in consequence of the injuries, though the loss of voice is not specifically alleged. It is not required to aver in specific terms each injury or pain suffered. The injury, its character, nature, and extent, may be sufficiently averred, without detailing, enumerating, or specifying each separately. The loss of voice might well be included in some of the injuries alleged. The loss of the wife's voice was certainly an element of the damages suffered by the husband in consequence thereof. If the complaint was too general in its averments as to the nature, character, or extent of the injuries suffered and complained of, the defendant should have had this corrected by a demurrer to the complaint.— *Henry's Case*, 139 Ala. 166, 34 South. 389; 16 Ency. Pl. & Pr. 377-383, and notes. See, also, *Curran v. Strange*, 98 Wis. 598, 74 N. W. 377.

If there was error in overruling defendant's objection to the question, "What was the fare to Hopkinsville, Ky.?" it is not made to appear. We can see no objection to the question itself. The apparent answer to it might or might not be competent or relevant evidence, depending upon other evidence or other facts necessary to make it relevant or irrelevant. The objection to this question was not followed up by objec-

tions to, or motions to exclude, the evidence. So far as appears, the defendant may have waived the error, if error it could be, or consented to the answer. The only insistence made is that it was not shown to be necessary.—*Sanders v. Knox,* 57 Ala. 81.

Charges 1, 2, 18, and 20, each, as appellant admits, asserted, in varying language, the same proposition, that it was as matter of law contributory negligence on the part of the passenger in this case to step from the car voluntarily and consciously, encumbered with bundles, in the dark, and while it was moving, and had not reached the regular stopping place for the discharge of passengers. Each of these charges were refused to the defendant, and properly so. It may, or may not, be negligence for a passenger to step from a moving car or train in the dark, encumbered with bundles. This depends upon the kind of car or train, its construction, the speed of the car at the time, the size and character of the bundles, the condition of the passenger, age, health, etc., the place, time, and occasion of alighting, etc. While some of these charges hypothesized some of the conditions which would make the passenger liable, no one of them hypothesized all. For example, suppose an ordinary electric car is slowing up to stop and is barely moving, and a passenger step off with some small bundles in his hand; can it be said as matter of law that this is contributory negligence? We think not. If so, nearly all who ride in such cars are uniformly guilty of contributory negligence. There may be some who do not. If so, they are the exception and not the rule. If the passenger be encumbered with heavy bundles, the car moving rapidly, he would be guilty of contributory negligence. It is the apparent danger of the act that renders it negligence. In the one case, the danger is apparent; in the other it is not, if

it exists at all. True, there are some cases holding that it is as matter of law contributory negligence to step off a car in motion, and especially so when encumbered with bundles; but we think the great number and weight of authority hold that such is not negligence as matter of law, but may be as a matter of fact, depending, of course, upon the circumstances of each particular case. There are no doubt many cases of the kind where the act can be and has been declared negligent as matter of law, but in most cases of the kind it is properly a question for the jury.—*Watkin's Case*, 120 Ala. 147, 24 South. 392, 43 L. R. A. 297. Such was the *Case of Rickerts*, 85 Ala. 604, 5 South. 353, and *Hunter's Case*, 150 Ala. 594, 43 South. 802, 9 L. R. A. (N. S.) 848.

We do not think the facts hypothesized brought the charges within the rule announced in any one of these two cases, declaring such acts or facts as matter of law are negligent.—Elliott on Railroads, vol. 4, §§ 1628, 1841; Hutchinson on Carriers, vol. 3, § 1177 et seq; *Hunter's Case*, 150 Ala. 594, 43 South. 802, 9 L. R. A. (N. S.) 848. And if it could be said to have been error to refuse any one of these charges it was without injury. It affirmatively appears that the trial court gave one or more charges requested by defendant which unquestionably instructed the jury correctly upon the identical and only proposition of law involved in each of these charges refused.

It is conceded by appellant that, if the plaintiff was entitled to recover, he was entitled to recover the amounts which were reasonably expended by him in the way of nursing and treatment of his wife, rendered necessary on account of her injuries; but it is insisted that the evidence to establish the various items, the salary of the nurse, the cost of her board, lodging, and

clothing, while nursing the plaintiff's wife, did not show that the amounts expended were reasonable, or that the items were reasonably worth the amounts paid, and, therefore, the court at the request of the defendant should have charged the jury that no recovery could be had as to the various items. It was not error to refuse all such charges requested. True, the measure of the recovery for such items is the reasonable value of the cost thereof, and not what was actually paid, or contracted to be paid. It does not appear that the amounts paid, or any one of them, was unreasonable; and can the court presume that it was, in the absence of the proof? If there be any presumption (and we do not say there is), would it not be that the amounts paid were reasonable, rather than that they were unreasonable? The objections as to this matter should have been interposed to the evidence when offered. The competency of it, and relevancy of it, was waived by a failure to object to its introduction. For aught we can know, the defendant did not object, because it was favorable to it. The evidence cannot be wholly eliminated by charges. It was certainly proper for the jury to consider it, in connection with all the other evidence, in determining what was the reasonable cost of such items, which were legitimate and proper charges. Counsel are in error in supposing there was no evidence to show that the amounts were reasonable.—4 Sutherland on Damages, § 1250, and notes.

The same is true as to the charges asserting that plaintiff could not recover the amounts paid the doctors for treating and attending his wife on account of the injuries inflicted by defendant, because not shown to be reasonable. Neither the trial court nor this court can know that these amounts were unreasonable. They are as liable to be less than the reasonable value as to

be more. The record shows that the evidence of the physicians, who were examined as witnesses, was not set out in the bill of exceptions. For aught we can know, this evidence may have shown that all the amounts paid were reasonable. We cannot indulge presumptions, in the absence of proof, against the action of the trial court as to these matters. It appears that no objection whatever was made to the evidence as to amounts paid for nursing and treating the patient. A party will not be allowed to speculate on the evidence in this manner. Parties may try their cases on immaterial evidence if they desire; but they will not be allowed to introduce evidence, to admit it, or to consent to it, without protest or objection, and then have the court charge the jury that they cannot find a verdict on it, because not competent or relevant—especially when the charge itself does not point out or call the court's attention to the evidence complained of, but merely requests a verdict as if no evidence had been admitted as to the question.

Suppose A. sues B. for an assault and battery, and all the evidence shows that B. did assault and beat him, as alleged, and A. testifies that his actual damages were $1,000 in consequence thereof. No objection is made to this evidence, and this is all; and B. requests the court to charge the jury that A. cannot recover any actual damages. Is it possible it would be error to refuse the charge because the evidence was incompetent? Certainly not. If not objected to, it will support a verdict, as if it were both competent and relevant.

Charge 10 was properly refused. It does not assert a correct proposition of law, and, besides, the proposition intended to be asserted by it was embraced in one of the charges, requested by the defendant, which was given.

Charge 15 was properly refused because of its wording. As written it would have tended to mislead or confuse the jury, but aside from this it was. properly refused. The court, under the evidence in this case, should not have instructed the jury that it was not the conductor's duty to know of plaintiff's wife's position of peril at the time the speed of the car was increased.

Charges 16 and 19 were each properly refused, because they assumed as true material facts, which were not admitted, conceded, nor conclusively proven. Both of these charges find substantial duplication in charges given at the request of the defendant.

Charge 21 did not state a correct proposition of. law.

The judgment of the lower court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.

