125 So.2d 526

**UNITED STATES FIDELITY & GUARANTY CO.**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, LOCAL NO. 612.**

**6 Div. 771.**

Court of Appeals of Alabama.

Oct. 4, 1960.

Rehearing Denied Nov. 1, 1960.

S. Palmer Keith, Jr., Birmingham, for appellant.

Corretti & Newsom, Birmingham, and Hawkins & Rhea, Gadsden, for appellee.

HARWOOD, Presiding Judge.

This is an appeal from a judgment for the plaintiff below rendered by the Circuit Court of Jefferson County, in an action at law for damages for breach of the condition of an injunction bond issued by the appellant.

On the original trial of this case in the Intermediate Civil Court of Birmingham, the appellee recovered a judgment for $750. Appellant appealed to the Circuit Court of Jefferson County and the cause was tried anew with appellee recovering a judgment for $1,000. An appeal was taken to this Court and we reversed the judgment and remanded the case because of a failure to prove the dissolution of the injunction upon which the bond was conditioned. See United States Fidelity & Guaranty Co. v. International Brotherhood of Teamsters, etc., 40 Ala.App. 452, 115 So.2d 42.

Thereafter the cause was again tried in the Circuit Court of Jefferson County without a jury and a judgment in favor of appellee for $1,000 was entered on February 1, 1960. From this judgment appellant takes this appeal.

The bond sued on was issued pursuant to Tit. 7, Sec. 1043, Code of Alabama 1940, which provides:

"In other cases, the party must give bond with surety, in such sum as the officer granting the application directs, payable to the party against whom the application is granted, and approved by the register, and conditioned to pay all damages and costs which any person may sustain by the suing out of such injunction, if the same is dissolved."

The condition of the bond was to "pay all damages and costs which any person may sustain by the suing out of such injunction, if the same is dissolved."

The record shows, without dispute, that a temporary injunction was issued against the appellee on April 28, 1953, that appellant issued the bond sued on upon the above condition, and that the temporary injunction upon which the bond was conditioned was dissolved by court decree on October 4, 1956.

The sole damages claimed by appellee as a result of the dissolution of the injunction were the attorney's fees paid by appellee in procuring the dissolution of the injunction. The evidence shows that appellee paid $1,000 for legal services in getting the injunction dissolved.

Appellant's first assignment of error is that the court erred in overruling the appellant's motion for a new trial. The motion for a new trial contains some twenty-two grounds. Several of these grounds are directed toward the proposition argued under assignment of error number one.

As we understand the appellant's argument in relation to assignment of error number one, it is that no damages could be

recovered upon the dissolution of the injunction for the reason that at the time of its issuance the prevailing law was that State courts had jurisdiction of the matters involved, and it was thereafter that the United States Supreme Court determined that State courts did not have such jurisdiction.

We pretermit consideration of whether appellant's interpretation of the doctrines of the applicable United States Supreme Court cases is correct, for it is our view that the plaintiff below was in any event entitled to recover.

■ As stated in Miller v. Wood, 257 Ala. 594, 60 So.2d 353, 354; "The bond is the contract of the parties executing it, the statute prescribes its terms and conditions, and the right of action arises immediately upon its breach." In this case, under the provisions of the statute and the bond the right of action accrued to the plaintiff-appellee upon the dissolution of the injunction.

■ The undisputed evidence shows that the injunction was dissolved, and this in itself would entitle the plaintiff to recover at least nominal damages. See Salmon et al. v. Salmon, 13 Ala.App. 510, 69 So. 304. It is well settled by our cases that attorney's fees paid to procure the dissolution of an injunction are recoverable as damages in an action on the insurance bond. See Jackson v. Millspaugh, 100 Ala. 285, 14 So. 44; Curry v. American Freehold Land Mortgage Company, 124 Ala. 614, 27 So. 454; Fidelity & Deposit Company of Maryland v. Walker, 158 Ala. 129, 48 So. 600; McCord v. Bridges, 211 Ala. 295, 100 So. 469.

The plaintiff below having introduced evidence tending to show that it had actually paid attorney's fees of $1,000 for instituting the proceeding resulting in the dissolution of the injunction, and that such fees were reasonable, the court below was clearly within its province in awarding damages in such amount.

■ Nor can it be reasonably argued that because of change in the law subsequent to the issuance of the injunction there was no occasion to employ counsel to dissolve it, since no present injury was caused by the injunction. See Rosser v. Timberlake, 78 Ala. 162. The injunction continued to legally exist until it was dissolved by the court in the proceedings looking toward that end. Bush v. Kirkbride, 131 Ala. 405, 30 So. 780.

Appellant's assignment of error number six asserts error on the part of the court in receiving in evidence, over appellant's objection, a copy of a memorandum brief filed by appellee's counsel in the proceeding wherein the injunction was dissolved.

■ Prior to the reception of the brief there was testimony by one of the plaintiff's attorneys that the brief was an exact copy of the brief filed with the trial court; that the original was in the files of the court. Under these circumstances the copy was admissible, and the defendant's objection on the ground that the copy was not the best evidence was properly overruled.

■ This aside, the argument in the appellant's brief, in nowise touches upon the asserted grounds of the objection, but is to the effect that the evidence was immaterial in the action on the bond. Such argument is of course abstract in light of the asserted ground of the objection. Even so, it is without merit in that the brief would certainly tend to some extent to show the amount of time and effort expended by counsel preparing it and thus would shed light upon the reasonableness of the fee paid to counsel.

■ Appellant's assignment of error number eleven asserts that the court erred in overruling the appellant's objection to the following question propounded to Mr. Newsom, a member of the law firm of Corretti and Newsom:

"Q. How much was Corretti and Newsom and Hawkins and Rhea paid

for their legal services in connection with the dissolution of the injunction?"

Clearly it was material that the plaintiff introduce evidence tending to show that they had paid or agreed to pay attorney's fees. The amount so paid was merely an incident of this proof. This evidence was not introduced for the purpose of fixing the amount of the fee, but to show a payment of a fee. There was abundant evidence introduced by the appellee tending to establish what would be a reasonable fee in connection with the dissolution of the injunction. Several lawyers who had had extensive practice for a number of years testified that a reasonable fee for the services rendered by the attorneys for the appellees would be from $1,000 to $1,500. No merit attaches to this assignment of error.

Likewise there is no merit in appellant's assignment of error number fourteen, which asserts as error the action of the court in overruling the appellant's objection to question propounded to Mr. Newsom seeking evidence as to what would be a reasonable fee for the work done in connection with the dissolution of the injunction.

By training and experience Mr. Newsom was shown to be qualified to give such opinion evidence. The fact that Mr. Newsom was a member of the firm employed by the appellant to dissolve the injunction might go to the weight of his evidence but not to its admissibility. Mr. Newsom's testimony was to the effect that a reasonable fee in premises would be $1,000. Several other attorneys in no way interested in the amount of the fee, fixed $1,000 as a minimum reasonable fee for the services rendered by Mr. Newsom's firm.

Other assignments are mentioned in appellant's brief. They are not, however, sufficiently argued to justify a review.

Affirmed.

On Rehearing.

PER CURIAM.

Counsel for appellant, in his brief in support of the application for rehearing urges that, "As the law on this point is presently interpreted, no person could use this process without fear of being penalized because the change of circumstances subsequent to the date of the issuance of the bond."

Damages recoverable under an injunction bond are compensatory, not penal, and as aptly put in Pierce v. Campbell, 217 Mo. App. 179, 274 S.W. 875, 876,—"The principles upon which counsel fees are allowed upon dissolution of an injunction is based upon the fact that the defendant has been compelled to employ aid in getting rid of an unjust restriction forced upon him by the act of the plaintiff."

Ordinarily the dismissal of a suit in which an injunction has been issued amounts to a determination that the injunction has been improperly granted, unless the decree of dismissal shows that the adjudication was not adverse to, but in favor of the complainants, as where the bill is dismissed because the injunction has fully performed its office and is dismissed at the cost of the respondents. Town of Dadeville, et al. v. Wynn, 14 Ala.App. 418, 70 So. 197.

The decree of dismissal in the present case specifically stated that the temporary injunction was dissolved, and the cause was dismissed for lack of jurisdiction of the court over the subject matter, and the costs were taxed against the complainant. No appeal was taken from this order, and the appellant is precluded, in this action on the injunction bond, from going behind this decree of dismissal and litigating over again the question of the right to the injunction. Johnson v. Howard, 167 Miss. 475, 141 So. 573. To hold otherwise would be tantamount to allowing a collateral attack upon the final decree in the injunction proceedings.

Counsel for appellant has cited several cases which he contends demonstrate decisively that our conclusions are incorrect. We have read these cases with care and can deduce nothing from them which would or should influence a conclusion different from that which we reached in our original opinion. A discussion of these cases would therefore be academic, and serve no useful purpose.

· Application denied.