255 So.2d 896

**UNION SPRINGS TELEPHONE COMPANY, Incorporated, et al.**

v.

**Comer GREEN, d/b/a South Alabama Construction Company.**

4 Div. 38.

Court of Civil Appeals of Alabama.

Dec. 15, 1971.

Miller & Hoffmann, Montgomery, for appellants.

Lynn W. Jinks, Jr., Union Springs, for appellee.

WRIGHT, Judge.

Suit was on an injunction bond in the amount of $5,000.00. The bond was given and conditioned as required by Title 7, Section 1043, Code of Alabama 1940. Upon trial, verdict and judgment was in favor of plaintiff in the amount of $3,000.00.

The matter out of which this suit arose is briefly related as follows:

Application for a temporary injunction was filed by Union Springs Telephone Company, Incorporated, and bond given by appellants as sureties on February 25, 1969. A temporary injunction was issued by the court directed against appellee, Comer Green, d/b/a South Alabama Construction Company. A pleading styled a Motion to Dissolve was heard on April 2, 1969, and decree entered ordering dissolution of the injunction. Appeal from the decree of dissolution was taken to the Alabama Supreme Court. The decree of the trial court was affirmed by the Supreme Court on December 11, 1969. Union Springs Telephone Co. v. Green, 285 Ala. 114, 229 So.2d 503.

The effect of the decision of the Supreme Court was to hold that the designated motion to dissolve was not a motion to dissolve but was in fact a sworn answer denying the allegations of the bill and asserting affirmative matters in defense. As a result, there was a hearing on the merits of the bill for injunction before the lower court. The Supreme Court therefore considered the case as an appeal from a final decree on the merits and held that the evidence was sufficient to support the exercise of the judicial discretion of the trial court in refusing to contiuue the temporary injunction and by its decree dissolving the same.

In the beginning of the trial in this case, the judge, after conference with counsel, informed the appellants in open court, that they would not be permitted as a defense to the suit on the injunction bond, to show that the injunction was rightfully issued. This ruling by the court is the basis of appellant's Assignment of Error 9.

. Title 7, Section 1043, Alabama Code of 1940 is as follows:

"Bond, on injunction in other cases.—In other cases, the party must give bond with surety, in such sum as the officer granting the application directs, payable to the party against whom the application is granted, and approved by the register, and conditioned to pay all damages and costs which any person may sustain by the suing out of such injunction, if the same is dissolved."

■ The cases construing the effect of this statute have been clear to the proposition that upon a suit on the temporary injunction bond, proof that the injunction has been dissolved is sufficient to entitle the plaintiff to at least nominal damages. Jesse French Piano & Organ Co. v. Porter, 134 Ala. 302, 32 So. 678; National Surety Co. v. Citizens Light, Heat & Power Co., 201 Ala. 456, 78 So. 834; U.S. Fidelity & G. Co. v. International Bro. of Teamsters, 41 Ala.App. 114, 125 So.2d 526.

■ Appellant requests this Court to establish rightful issuance and good cause as a defense to a suit based on the dissolution of a temporary injunction. Such request is unnecessary. That defense is already available. If it has been judicially determined that a temporary injunction was rightfully issued, though subsequently dissolved, dismissed or discharged, there is no right of recovery in a suit on the bond. Jones v. Ewing, et al., 56 Ala. 360; Satellite Broadcasting Co. v. Tingley, 286 Ala. 571, 243 So.2d 677; U.S.F. & G. Co. v. Int. Bro. of Teamsters, supra.

■ A problem of interpretation of the effect of applicable cases has arisen in the use of the term "dissolve" in the decree, when in fact there has been a "discharge" or "dismissal." An examination of the cases involving suits on injunction bonds reveals that where the court has entered a decree to "dissolve" the injunction, the purport is a determination that the injunction was wrongfully issued.

■ Title 7, Section 1052, Code of Alabama 1940 provides for the filing of a motion to dissolve a temporary injunction. Such motion may proceed on one of two grounds, or on both; either for want of equity in the bill or on a verified answer denying the allegations of the bill. Section 1061, Title 7, Code of Alabama 1940, further provides that upon hearing of a motion to dissolve, the court may consider in addition to the sworn bill and answer "whether the answer contains denials of the allegations of the bill or independent defensive matter, and also such affidavits as any party may introduce." Thus, a motion to dissolve which was originally designed to serve the purpose of a demurrer for want of equity in the bill or to allow a traverse of the allegations by a sworn answer of denial, has evolved by Section 1061 into a hearing on the merits of the bill if defensive matter is presented. Martin's Grill Meats, Inc. v. Retail, Wholesale & Dept. Store., 283 Ala. 584, 219 So.2d 634.

This was the procedure taken in this case at the time of the hearing of the so-called motion to dissolve in the court below. The Supreme Court clearly pointed this out in its opinion on appeal, when it said the following: "The hearing was in fact on the sworn answer and the parties and the court treated the hearing as one on the merits; therefore, we treat it as such and not merely a hearing on a motion to dissolve." Union Springs Tel. Co. v. Green, supra.

We do not hold that a hearing on the merits is necessary in the event of dissolution of a temporary injunction on a motion to dissolve in order for there to be liability on the dissolution bond, rather we hold to the contrary. Application for a temporary injunction is an extraordinary proceeding, and such injunction is issued ex parte, and only upon petitioner entering into bond conditioned to pay all damages and costs which any person may sustain by the suing out of such injunction if the same is dissolved. Dissolution may come after a determination of lack of equity in the bill or upon sworn answer, which in the judicial discretion of the court may require dissolution. There is a right of appeal from the decree of dissolution. By filing the application and the required bond the applicant takes his chance that there may be dissolution upon motion. He has, by making the bond, entered into a contract that in the event there is dissolution the bond becomes due for damages resulting from the issuance of the injunction. Upon breach of the condition of the bond a right of action thereon arises immediately. The right of action on the bond is conditioned only upon a legal dissolution of the injunction. It matters not whether such dissolution comes upon a motion to dissolve or a hearing upon the merits. In requesting the extraordinary relief of a temporary injunction and making the bond the applicant in colloquial language "pays his money and takes his chances." There is no right of defense on the "merits" to the action for damages on the bond after "dissolution" of the injunction. Jesse French Piano & Organ Co. v. Porter et al., supra.

A careful reading of the cases from other states cited by appellant discloses that they are not contrary to the law expressed herein. None of them involved a dissolution for want of equity or on the merits of the bill.

The assignments of error remaining unanswered all relate to refused requested charges. These were affirmative charges directing the jury that it could not award certain damages claimed by appellee. The basis of the charges was that in proving various claims of damages there had been no proof by plaintiff of their reasonableness. Damages shown by plaintiff were sums for rental of equipment idled by the injunction; salaries paid to employees who were idled; sums paid for moving equipment off the site and attorney fees for securing dissolution of the injunction.

In every suit for recovery of expenses incurred as the result of another's wrong, there may be recovered only such amounts expended as are reasonable under the circumstances. Proof of reasonableness of the amount claimed is incumbent upon the claimant. If the subject and nature of the expense is of common knowledge, the sum paid may sufficiently inform the jury of reasonable value in the absence of evidence to the contrary. However, if the subject and nature of the expense is not of such common knowledge as to enable the jury to properly form a judgment of reasonable value, evidence of the sum actually paid is not enough. B'ham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633; Foodtown Stores v. Patterson, 282 Ala. 477, 213 So.2d 211. However, it was stated in B'ham Ry. Light & Power Co. v. Girod, 164 Ala. 10, 51 So. 242, and quoted therefrom in Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530, that "parties may try their cases on immaterial evidence if they desire; but they will not be allowed to introduce evidence, to admit to it, or consent to it, without protest or objec-

tion, and then have the court charge the jury that they cannot find a verdict on it, because not competent or relevant—*especially when the charge itself does not point out or call the court's attention to the evidence complained of, but merely requests a verdict as if no evidence had been admitted as to the question.*" (Emphasis supplied.)

It was pointed out in Aplin v. Dean, 231 Ala. 320, 164 So. 737, that before a jury may award as damages expenses paid for matters not of common knowledge, the plaintiff must prove both the amount paid or due to be paid and the reasonableness thereof. As a practical matter of presentation of evidence, the amount and its reasonableness cannot be proved at one and the same time. The natural order is to prove the amount and thereafter its reasonableness. An objection to the proof of the amount expended would not be well taken on the ground that it had not been shown to be reasonable as of the time offered. If reasonableness of the amount is not thereafter proved, the defendant should either move for exclusion of the amount shown at the close of the evidence or should ask for an affirmative instruction against its recovery, as in other cases of failure of proof.

From other recent cases that have come before us on the question of how defendant is to proceed in the event of failure of plaintiff to submit proof of reasonableness of expenses shown, it is evident there is some confusion among the Bar. After careful study of the cases cited and quoted from above we think there is some basis for uncertainty. We shall present our analysis and conclusions of the rule.

Aplin v. Dean, supra, was quoted from in both Hamilton v. Browning, supra, and Foodtown Stores v. Patterson, supra, as was B'ham Amusement Co. v. Norris, supra. The only discordant note between *Hamilton* and *Foodtown* is the quotation in *Hamilton* from Birmingham Ry. Light & Power Co. v. Girod, supra.

We have carefully examined B'ham Ry. Light & Power Co. v. Girod. In that case there were affirmative instructions requested against recovery of specific expenses proved. There were no objections made to the proof of the expenses. There was no proof of reasonableness. The expenses clearly were not of common knowledge. It does not appear that a motion to exclude was made at the end of the testimony. It was contended on appeal that the affirmative instructions were improperly refused. The court held not so. The basis of the opinion on this point was that there should have been an objection to the proof of the amount of the expenses. The court stated that the legal measure of recoverable damages was reasonable expense incurred, but since defendant did not object to the expenses proved as it should have done, it did not appear that they were unreasonable and the competency and relevance of the evidence was waived by failure of defendant to object. The court further stated that in absence of evidence to the contrary, if a presumption were available, it would be that the expenses were reasonable rather than unreasonable. It further indicated that the testimony of the physicians who were witnesses was not shown by the record and from aught that appeared they may have testified as to reasonableness. The court then proceeded with the statement set out hereinabove as quoted in Hamilton v. Browning, supra.

The apparent requirement of *Girod* that objection must be made to the evidence of the amount actually expended is clearly removed by the subsequent cases. B'ham Amusement v. Norris, supra; Aplin v. Dean, supra; Foodtown Stores v. Patterson, supra.

We think the further indication in *Girod* that there is a waiver as to incompetent evidence by defendant's failure to show the amounts expended were unreasonable is clearly improper. The burden of plaintiff to prove compensable damages is not satisfied by proving amounts expended or

due as a result of the wrongdoing of defendant. He must in addition thereto show such amounts to be reasonable under the circumstances. Such proof applies to necessity as well as to amount.

The court in *Foodtown*, supra, said the following:

"The law in Alabama is clear that there must be proof of the reasonableness of expenses which are not of common knowledge." (Citations omitted.)

"'. . . In every case where a party has incurred expense as the result of another's wrong, only so much is recoverable therefor as is a reasonable and proper amount under the circumstances. Manifestly, the party so claiming must show to the jury what is reasonable and proper, as a necessary basis for their finding. If the subject be a matter of common knowledge, and the nature of the charge or expense be before the jury, the sum paid may serve as some evidence of reasonable value in the absence of evidence to the contrary . . . Otherwise, there being no evidence to show what is a reasonable amount, the defendant must either move for the exclusion of the testimony as to payment or liability to pay, at the close of the evidence, or he must ask for an affirmative instruction against recovery in that behalf, as in other cases of failure of proof.' "

The above is exactly stated as well in Aplin v. Dean, supra.

Since we believe the basis of the ruling in *Girod* is refuted by what we have said above, and since Hamilton v. Browning appeared to rely on the quoted statement in *Girod*, let us now examine Hamilton v. Browning. It is stated therein as follows:

"Defendant's Charge B was an affirmative instruction against recovery of the drug bill, but inasmuch as there had been no objection to the evidence as it related to the bill, nor had the court's attention been called to the fact that the reasonableness of the charge had not

been shown, we do not think Charge B was in such form as to predicate a reversal on its refusal."

After this statement there followed the quotation from *Girod* set out hereinbefore with the emphasis added as shown to the last portion.

The emphasized part of the quotation from *Girod* appears to indicate that if Charge B, which was as follows: "I charge you, Gentlemen of the jury, that you cannot award plaintiff any damages for amounts claimed to be paid or owing Reese Drug Company," had included matter which called to the court's attention the basis for the affirmative request, it would have been *improperly refused*. We surmise that if the charge as requested had concluded by saying "because such amounts have not been shown to be reasonable," it would have been improperly refused. As a further basis for our surmise, we refer back to our last quotation from the opinion in *Hamilton* where it was said ". . . nor had the court's attention been called to the fact that the reasonableness of the charge had not been shown, . . ."

We are not convinced that the Supreme Court in Hamilton v. Browning intended to extend the rule first stated in B'ham Amusement Co. v. Norris, supra. We are not so convinced because the rule was quoted in *Hamilton* from Aplin v. Dean. To repeat that rule—if plaintiff should fail to offer any evidence tending to show that amounts expended and claimed as damages, such amounts involving matters not of common knowledge, were reasonable and necessary the defendant should *either* move for exclusion of the testimony as to such amounts at the close of the evidence, *or* should ask for an affirmative instruction against recovery in that behalf, *as in other cases of failure of proof*.

The hereinbefore quoted portion from *Hamilton* appears to us to infer that if the court's attention had been called to the fact that the reasonableness of the amount claimed had not been shown, the charge as

requested would have been improperly refused. Had a motion to exclude been made at the close of the testimony in *Hamilton, Aplin v. Dean, supra,* would have applied. We further believe that if the record had indicated the omission of proof of reasonableness had been brought to the court's attention in any manner prior to request of Charge B, it would have been held sufficient.

The key appears to be that the court must be advised in some manner of the omission of the proper proof and its attention brought to the purpose of the requested affirmative instruction.

We do not understand why such should be required, since we would assume the court would be aware of such omission of proof from its having heard the evidence. Nevertheless, such seems to be the meaning of the statement in Hamilton v. Browning, supra.

Therefore, under the facts of the instant case as shown by the record, we do not have to depart from the decision in *Hamilton,* but rather we are able to follow its direction. The record discloses, though there was no motion to exclude at the conclusion of the testimony, there was an objection to the court's oral charge, dictated into the record, pointing out failure of proof of reasonableness. We therefore find that the attention of the court was thereby sufficiently called to the failure of proof of reasonableness of the various amounts claimed as damages prior to submission of the requested affirmative instructions. The court, when it came to consider them was thus aware of their purpose and the reason for their request. The charges applied to amounts claimed for expenses arising out of subjects not of common knowledge.

The expenses claimed, not having been shown to be reasonable, could only provide a basis for speculation by the jury in arriving at its verdict as to the award of proper damages. We therefore hold that the trial court erred in refusal of the requested affirmative instructions assigned as error by appellant—that is, Charges 6, 7, 8 and 9. For such error the cause must be reversed and remanded.

Reversed and remanded.