This appeal arises out of the denial of a Rule 65.1, A.R.C.P. motion to enforce the liability of a surety upon the dissolution of an injunction. An unusual feature of the case is that the motion was brought more than eight years after the injunction was dissolved. The cause arose out of the following facts:
James W. League, d/b/a Huntsville Trailer Court (League), orally contracted with T.V. Distribution Systems in September 1965 to transfer the trailer court television equipment to that company, and in return was to receive television service at the rate of one dollar per unit per month. In October 1967, T.V. Distribution System transferred its entire system to Alabama Cablevision Company (Cablevision), and the service to the trailer court continued without interruption. Cablevision notified League in November 1972 that the charge would be raised to four dollars per unit per month. League did not agree to pay the higher charge, and the service was terminated in early 1973. League brought an action against Cablevision for declaratory judgment as to the effect of the 1965 agreement, and asked for a temporary injunction to prohibit Cablevision from terminating the service or raising the rates.
The temporary injunction was granted on March 1, 1973, and League provided a $1,000 bond as security therefor. League, C.J. Waite and William J. Crawford were sureties on the bond. Cablevision answered the complaint and moved to dissolve the injunction. On October 23, 1973, the court found that the contract of 1965 was of no force and effect and stated in pertinent part:
 [T]he Court having heard the evidence on the trial of this cause is of the opinion that complainant is entitled to a declaration of rights. *Page 435 
. . . .
 The respondent has moved to dissolve the injunction heretofore issued by the Court and having determined that the contract is of no further force and effect, the court is of the opinion that said injunction should be permanently dissolved; . . .
Eight years and seven days later, Cablevision filed a Rule 65.1 motion to enforce the liability of the surety on the bond. League moved to dismiss on several grounds including that the motion could not replace a suit on the bond, laches, the injunction was properly granted, the complaint was not wrongful or vexatious, and no proof of damages or the reasonableness thereof had been shown. The court, after hearing the evidence on the motion decreed that, "Said motion of the Defendant is not well taken," and ordered judgment in favor of League. Cablevision appeals.
The issue on appeal is whether the court erred in denying the motion.
A Rule 65.1 motion is proper in this case. The rule states that the liability of a surety "may be enforced without the necessity of an independent action. . . ." The appropriate statute of limitations on a "writing under seal" is ten years. § 6-2-33 (1) Code (1975). The bond here was a "writing under seal." It is evident from the comments of the judge in the record that great weight was given the defense of laches, though no specific reason for denial of the Rule 65.1 motion was stated. The record provides no support for any of the other grounds stated in the motion.
Laches should not bar Cablevision's motion in this case. We recognize that laches may be an available defense even though the limitations period has not run. McCary v. Robinson,272 Ala. 123, 130 So.2d 25 (1961); Ussery v. Darrow, 238 Ala. 67,188 So. 885 (1939). League failed to properly assert laches as a defense. Prejudice from the eight-year delay was not apparent on the face of the bill, and no special circumstances showing prejudice were raised as a defense. See McCary, supra; Ussery,supra. As stated by our supreme court in Lipscomb v. Tucker,294 Ala. 246, 314 So.2d 840 (1975):
 [M]ere delay is not sufficient for the defense of laches, but special facts which make the delay culpable must appear. (Cites omitted.)
 For the doctrine of laches to be applicable, it must appear that harm or prejudice has resulted from the delay. (Cite omitted.) The burden of showing prejudice when not shown on the face of the complaint rests on the one invoking laches. (Cite omitted.)
A dissolution of the injunction is a determination that the injunction was wrongfully issued. Union Springs Telephone Co.v. Green, 47 Ala. App. 427, 255 So.2d 896 (1971). A judicial determination that the temporary injunction was rightfully issued is a defense to suit on the bond. Union SpringsTelephone, supra. We are of the opinion, however, that the trial court's statement that "the complainant is entitled to a declaration of rights" was not such a determination. The subsequent declaration was in favor of Cablevision and dissolved the injunction. The court erred in not permitting Cablevision's recovery on the bond.
Appellee contends that Rule 65.1 was not in effect at the time the injunction was dissolved, and that it would work an injustice under Rule 86, A.R.C.P. to apply it here. That contention is not well taken. No possible injustice has been shown.
Appellee also contends that Cablevision failed to prove damages. Clearly, damages were proven in an amount greater than the $1,000 surety bond. Damages allowable on the dissolution of an injunction are those which are the actual, natural and proximate result of the injunction. See Fidelity and DepositCo. of Maryland v. West Blockton Savings Bank, 22 Ala. App. 12,113 So. 486 (1926), rev'd on other grounds, 216 Ala. 465,113 So. 489 (1927). Cablevision proved damages in connection with the charge per unit for television service, attorney's fees, and the reasonableness thereof. Appellee cannot prevail on this issue. *Page 436 
This cause is due to be reversed and remanded so that the trial court may enter a judgment in the amount of the bond herein.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.