This is an appeal from a verdict and judgment in favor of plaintiff-appellant, Sweet, awarding damages in the amount of $1,000.
Plaintiff's action alleged negligent and wanton injury arising from an automobile collision. Personal and property damage was claimed. No proper proof of property damage was made. The only proof of personal injury was for extended massage and adjustment treatment to plaintiff's back by a chiropractor. Some $1,800 was charged for such treatment. Though the charges were stipulated reasonable, there was lengthy examination of witnesses as to the necessity for them. The jury returned a verdict for $1,000.
Plaintiff contends that failure to award the total of such charges, together with an amount for pain and suffering, was erroneous and required reversal upon post-trial motion. We disagree.
Proof of an amount expended for medical treatment must include the element of reasonableness of the charge for the service and the necessity of the treatment. Each element is one of fact for the jury. The testimony in this case indicated that examination by medical doctors of plaintiff failed to disclose vertebral misalignment or injury. The chiropractor found otherwise and stated that repeated adjustments were necessary — as many as seventy-five times. Thus the jury was presented the factual determination of the degree of injury and the treatment necessary. The jury is not bound to award medical expenses merely because they were incurred. Union SpringsTelephone Co. v. Green, 47 Ala. App. 427, 255 So.2d 896 (1971).
When damages awarded are challenged on grounds of inadequacy, we will reverse only where, after a consideration of all reasonable presumptions in favor of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. This standard has been followed in a long line of cases starting with Cobb v. Malone Collins, 92 Ala. 630, 9 So. 738
(1891). The presumption in favor of the correctness of the jury verdict is strengthened when the trial court refuses to grant a new trial. Grayson v. Alexander, 347 So.2d 108 (Ala.Civ.App. 1977). We find no error in the judgment.
There is no merit in plaintiff's claim of error in refusing his written charge. Rule 51, A.R.Civ.P. states that, "No party may assign as error the giving or failing to give a written instruction, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection." Appellant failed to follow the rule, leaving nothing for review. See Moody v. Stanfield,292 Ala. 185, 291 So.2d 301 (1974).
Therefore, this case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 262