This case is a suit for damages arising out of an automobile accident. Plaintiffs-appellants, Robert Hamrick and Mary Ann Hamrick, sought damages for negligence and wanton misconduct of defendant-appellee, Frank Gantt Daniel, Jr., in driving his automobile through an intersection without having the right-of-way. Plaintiffs allege that they suffered property damage to their vehicle, including damages for the loss of use of the vehicle during the ninety-three days elapsing between the date of the accident and the date of completion of repairs.
Mr. Hamrick, during in-chambers conference, testified that he owned the automobile his daughter, Mary Ann, had driven on the date of the accident. He stated that the automobile was one which he used in his business as a motel operator in Alexander City, Alabama, for transporting his motel customers. He added that he had lent his vehicles to his motel guests on more than two hundred occasions. Prior to the in-chambers testimony, the court had ruled that Mr. Hamrick was not competent to testify as to the reasonable rental value of his vehicle during the time it was out of service for repairs.
The evidence was submitted to the jury without testimony having been taken in open court as to the damages suffered for the loss of the vehicle during the time of repair. The court did not charge the jury that the reasonable rental value of the vehicle could be considered by the jury in assessing the damages should they find for plaintiffs.
The jury found for plaintiffs, and judgment was entered in favor of plaintiffs in the sum of $1,798.42. Plaintiffs appeal.
The issue on appeal is twofold: whether the trial court was correct in requiring plaintiffs to either follow its pretrial order or to present evidence of the reasonableness of claimed damages, and whether Mr. Hamrick was competent to testify as to the reasonable value of the automobile's use or hire during the time it was being repaired.
In Hannah v. Brown, 400 So.2d 410 (Ala.Civ.App. 1981), we stated that the "loss of use of a personal automobile during a reasonable period of repair is an element of recoverable damage in addition to the difference between the before and after reasonable market value. Such is the general prevailing rule." Clearly, one cannot recover for loss of use without proof of the reasonableness and necessity of the claimed damages. See,Sweet v. Foust, 419 So.2d 260 (Ala.Civ.App. 1982); UnionSprings Telephone Co. v. Green, 47 Ala. App. 427, 255 So.2d 896
(1971). Neither the reasonableness nor the amount of damages may rest on speculation. Crommelin v. Montgomery IndependentTelecasters, Inc., 280 Ala. 391, 194 So.2d 548 (1967).
Because an amount claimed for loss of use was not submitted for pretrial stipulation, plaintiff attempted to testify at trial as to the reasonable rental value of his automobile during the time it was out of service for repair. After an in-chambers conference the trial court determined plaintiff was not competent to offer such testimony.
Plaintiffs cite § 12-21-114, Code of Alabama 1975, as support for Mr. Hamrick's competency to testify as to rental value. Section 12-21-114 provides that, "Direct testimony as to the market value is in the nature of opinion evidence; one need not be an expert or dealer in the article, but may testify as to value if he has had an opportunity for forming a correctopinion." (Emphasis supplied.) Plaintiff is competent to testify as to the market value of the automobile. Mr. Hamrick testified that the automobile was worth $9,000 prior to the accident and $2,000 after the accident. He satisfied the court that he was sufficiently *Page 1249 
familiar with the market value of the automobile to have an opportunity to form an opinion as to its value.
The question of whether a witness has had ample opportunity of forming a correct opinion of the value of an article is a preliminary question for the court and is a matter largely within the court's discretion. Blount County v. Campbell,268 Ala. 548, 109 So.2d 678 (1959); Farm Industries Division ofQuaker Oats Company v. Howell, 39 Ala. App. 131, 95 So.2d 808
(1957). Moreover, such a determination will not be overturned except where clearly unjust. See, Id.
In the present case the court decided that Mr. Hamrick lacked sufficient opportunity from which to form an opinion. Plaintiff stated to the court during in-chambers conference only that no business in Alexander City rented vehicles and that he had never rented a vehicle. We cannot say that the trial court abused its discretion in finding that Mr. Hamrick was not qualified to testify as to the reasonable rental value of the car while it was out of service for repairs. Absent any abuse of discretion, we must affirm the trial court. See, Hicks v.Huggins, 405 So.2d 1324 (Ala.Civ.App.), cert. denied,405 So.2d 1328 (1981).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.