HOLMES, Judge.
This is a breach of contract case.
The plaintiff sued the defendant for breach of contract. The trial court granted the defendant’s motion for a directed verdict, and the plaintiff appeals. We affirm.
The dispositive issue on appeal is whether the trial court erred in granting the defendant’s motion for directed verdict because there was no evidence regarding the reasonableness of the damages.
We deem it neither necessary nor prudent to set out in detail the facts of this appeal. The following pertinent facts are sufficient.
The plaintiff sued the defendant for breach of a contract involving the transportation of scrap metal to a third party. The plaintiff contends that the materials had not been delivered to the third party, and, therefore the plaintiff was required to reimburse the third party for the value of the undelivered goods.
The plaintiff claimed as damages the amount paid to the third party. The defendant counterclaimed for an amount due for previous work performed for the plaintiff.
At trial the plaintiff presented evidence of the amount of money that it had paid to the third party. No evidence, however, was presented to prove the reasonableness of the damages.
The defendant moved for a directed verdict on the grounds that no evidence was present regarding the reasonableness of the damages. The directed verdict was granted.
Subsequently, a motion for a new trial was denied by the trial court.
The law regarding the recovery of damages is well settled. “In every suit for recovery of expenses incurred as the result of another’s wrong, there may be recovered only such amounts expended as are reasonable under the circumstances. Proof of reasonableness of the amount claimed is incumbent upon the claimant.” *529 Union Springs Telephone Company v. Green, 47 Ala.App. 427, 431, 255 So.2d 896, 900 (1971) (emphasis added).
Furthermore, the plaintiff’s burden of proving damages “is not satisfied by proving amounts expended or due as a result of the wrongdoing of defendant. He must in addition thereto show such amounts to be reasonable under the circumstances.” Green, 47 Ala.App. at 432, 255 So.2d at 901 (emphasis added).
When the subject matter and nature of the expense is not of such common knowledge as to enable the jury to properly form a judgment of reasonable value, evidence of the sum actually paid is not enough. Green, 47 Ala.App. at 431, 255 So.2d at 900 (emphasis added). See also Aplin v. Dean, 231 Ala. 320, 324, 164 So. 737, 740 (1935).
Here, the subject matter of the expense involved the value of scrap metal, which is not a matter of common knowledge. The plaintiffs proof of amounts paid to the third party is not evidence of the reasonableness of the damages.
Clearly, since there was no evidence presented at trial regarding the reasonableness of the damages, we, therefore, cannot say that the trial court erred in granting the defendant’s motion for a directed verdict.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.